# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Ave., 14th Floor*
*New York, New York 10017*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Gregory J. Dubinsky*
*(646) 837-8554*
*gdubinsky@hsgllp.com*

June 20, 2023

**VIA ECF**
Hon. Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse

Re: *CarePoint Health Systems Inc., et a. v. RWJ Barnabas Health Inc.*,
2:22-cv-05421-EP-CLW (D.N.J.)

Dear Judge Waldor:

We represent Plaintiffs in the above-captioned action ("CarePoint") and write in response to RWJ Barnabas's ("RWJ" or "Defendant") letter motion seeking to completely stay all discovery in this case pending a ruling on Defendant's motion to dismiss.

The Court should deny RWJ's attempt to logjam discovery in this important antitrust case challenging RWJ's harmful monopoly of certain health care services in northern New Jersey. *See In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 623, 636 (E.D. Pa. 2010) (denying discovery stay and emphasizing that "the public's interest in the enforcement of the antitrust laws is furthered by the expeditious resolution of this … lawsuit"); *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *8 (E.D. Pa. Nov. 29, 2004) (denying discovery stay; "The public's interest in vigorously enforcing national anti-trust laws through the expeditious resolution of a private antitrust litigation is particularly great."); Fed. R. Civ. P. 1 (requiring "the just, speedy, and inexpensive determination of every action"). As CarePoint sets forth in its Third Amended Complaint, this action challenges RWJ's "years-long systematic effort … to destroy competition and to monopolize the provision of general acute care hospital services and related health care services in northern New Jersey." TAC ¶ 1. The consequence of RWJ's violative "efforts to control the provision of acute care in Hudson County" has been to "reduce" the public's "access" to acute care and "reduce the incentive to upgrade the care available to the consuming public." *Id.* ¶ 171. Thus, this action seeks to vindicate the public interest in "[v]igorous competition among … hospitals," which "should raise the prevailing level of care, thus benefiting the public." *Robinson v. Magovern*, 521 F. Supp. 842, 919 (W.D. Pa. 1981). Thus, "[p]ublic interest considerations weigh against granting a stay of merit-based discovery." *Plastics*, 2004 WL 2743591, at *8.

Despite spilling much ink, Defendant omits the relevant caselaw on the applicable standard.  Lest there be any doubt, "[m]otions to stay discovery are not favored."  *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002); *see Skoorka v. Kean Univ.*, 2019 WL 4509294, at *5 (D.N.J. Sept. 19, 2019) ("[C]ourts generally do not favor granting motions to stay discovery").  And although one might not realize it from Defendant's letter, the burden on such a motion is squarely on the party seeking a stay—here, Defendant.  *E.g.*, *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, at *4 (D.N.J. June 9, 2009) ("Defendants, as the moving party, had the burden to show 'good cause' for a stay of discovery[.]").  Thus, RWJ must show "good cause" for a discovery stay.  *E.g.*, *Spathos v. Smart Payment Plan, LLC*, 2016 WL 9211648, at *1 (D.N.J. Apr. 25, 2016).  But the "well settled" rule is "that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."  *Coyle*, 2009 WL 1652399, at *3; *see Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (same).  Nothing Defendant offers shows anything other than what is present in the regular course, and which is deemed insufficient to justify a discovery stay—a pending motion to dismiss.

Moreover, Defendant's excessive reliance on out-of-District and even out-of-Circuit cases is misplaced.  Whatever the law may be elsewhere, it is clear in *this* Court that "motions to stay discovery *are disfavored* 'because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'"  *Am. Neighborhood Mortg. Acceptance Co. v. CrossCountry Mortg., Inc.*, 2022 WL 19728870, at *2 (D.N.J. July 15, 2022) (emphasis added) (citation omitted); *accord, e.g.*, *Spathos*, 2016 WL 9211648, at *1 ("Courts generally do not favor granting motions to stay discovery[.]").  Seemingly for this reason, this Court routinely denies the precise type of motion lodged by Defendant here.  *See, e.g.*, *Infucare Rx, Inc. v. Roy*, No. 22-cv-06342, ECF No. 62 (D.N.J. Mar. 30, 2023) (Waldor, J.) ("Finding no good cause to stay discovery pending resolution of Defendant's motion to dismiss, the Court denies the motion to stay."); *Strategic Prods. and Servs., LLC v. Integrated Media Techs., Inc.*, No. 18-cv-00694, ECF No. 40 (D.N.J. Sept. 28, 2018) (Waldor, J.) (denying discovery stay pending motion to dismiss).

Defendant falls far short of its heavy burden to show good cause to stay discovery.  RWJ contends that its pending motion "*may* obviate or significantly narrow the need for discovery"— but that is true of *any* motion to dismiss, and this Court's precedents instruct that *more* is needed to show "good cause" to stay in light of a pending dispositive motion.  Def. Ltr. at 1, ECF No. 35 (emphasis added).

As RWJ points out, this lawsuit concerns at least three species of wrongdoing on its part—(i) wrongdoing in connection with Defendant's opening of its Satellite Emergency Department in Bayonne, (ii) Defendant's interference in CarePoint's attempt to sell itself to third parties; and (iii) Defendant's lobbying activities aimed at undermining competition in New Jersey.  But Defendant cites no authority for the absurd proposition that a party who engages in a years-long, multi-faceted attack on a competitor—all to drive it out of business and monopolize a

2

market—should be permitted to stave off discovery simply because the entity's wrongdoing was so vast that discovery might be wider than it would like.

  Moreover, although Defendant brazenly asserts that a stay will "cause no prejudice to CarePoint," this Court has squarely held that a plaintiff *is* prejudiced when "all discovery is stayed while waiting for defendants' motion to be decided." *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332–33 (D.N.J. 2019) (denying request for discovery stay pending disposition of motion to dismiss). "Having filed their complaint plaintiffs have a right to move forward." *Id.* at 333. As for RWJ's attempt to use the non-commencement of discovery as a cudgel against Plaintiff, that cuts *for* CarePoint—"it appears that no meaningful discovery has yet commenced … and it is high time for these proceedings to get under way." *Skoorka*, 2019 WL 4509294, at *5; *see id.* ("[A] stay will cause further delay in these actions that have been dragging on for years without any meaningful discovery."). Moreover, Rule 26(d) mandates that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Thus, CarePoint was prohibited from serving discovery until May 30 and, at that time, was aware that any such discovery sent in the last three weeks would have been objected to by RWJ for the reasons outlined in its letter. Def. Ltr., ECF No. 35. And, as discussed, RWJ glaringly omits any mention of the severe prejudice to the public that inures in continued delay of proceedings in this action that CarePoint brought to protect health care consumers from RWJ's violative depredations.

  For all of these reasons, CarePoint respectfully requests that the Court deny Defendant's application to stay discovery.

              Sincerely,

              /s/ Gregory J. Dubinsky
              Gregory J. Dubinsky

              /s/ Patrick M. Harrington
              Patrick M. Harrington
              Dilworth Paxson, LLP