Ryan P. Blaney (Bar No. 00618-2006)
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004
(202) 416-6815
rblaney@proskauer.com
*Attorney for RWJ Barnabas Health, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CAREPOINT HEALTH SYSTEMS INC.,** *et al*. | ) ) ) | <u>Civil Action No:</u> 2:22-cv-05421-EP-CLW |
| Plaintiffs, | ) ) | Hon. Evelyn Padin, USDJ |
| v. | ) ) | Hon. Cathy L. Waldor, USMJ |
| **RWJ BARNABAS HEALTH, INC.,** | ) ) | |
| Defendant. | ) ) | |

## <u>RWJ BARNABAS'S OBJECTION TO DENIAL OF ITS MOTION TO STAY DISCOVERY</u>

## **TABLE OF CONTENTS**

I.    A Stay is Warranted Because Barnabas's Motion May Obviate All or Significant Swaths of Discovery. ....................................................................1

II.   A Stay is Warranted Because Discovery Would Pose Substantial Burdens on Barnabas, Third Parties, and the Court. .......................................9

III.  A Stay Is Warranted Because CarePoint Will Suffer No Prejudice............12

IV.   Conclusion. ...................................................................................................14

# TABLE OF AUTHORITIES[*]

**Page(s)**

CASES

*Actelion Pharms. Ltd. v. Apotex Inc.*,
    2013 WL 5524078 (D.N.J. 2013) ........................................................3, 9

*Am. Neighborhood Mortg. Acceptance Co. v. CrossCountry Mortg., Inc.*,
    2022 WL 19728870 (D.N.J. 2022) .......................................................4

*Ball v. Oden*,
    396 F. App'x 886 (3d Cir. 2010) ..........................................................2

*Ball v. Oden*,
    2010 WL 598653 (M.D. Pa. 2010) ....................................................1, 2

*Baquero v. Mendoza*,
    2019 WL 13250988 (D.N.J. 2019) .......................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................9

*Burress v. Freedom Mortg. Corp.*,
    2022 WL 586606 (D.N.J. 2022) ..............................................3, 12, 13

*Chudasama v. Mazda Motor Corp.*,
    123 F.3d 1353 (11th Cir. 1997) ...........................................................2

*Coastal States Gas Corp. v. Dep't of Energy*,
    84 F.R.D. 278 (D. Del. 1979) ..............................................................5

*Coyle v. Hornell Brewing Co.*,
    2009 WL 1652399 (D.N.J. 2009) .........................................................4

---

[*] Unless otherwise noted, all emphasis added, capitalizations conformed, and internal citations and quotation marks omitted. "Cmplt." refers to the Third Amended Complaint, ECF 27.

*DSM Desotech Inc. v. 3D Systems Corp.*,
  2008 WL 4812440 (N.D. Ill. 2008) ..........................................6, 9, 11, 12, 13, 14

*Galarza v. Whittle-Kinard*,
  2017 WL 2198182 (D.N.J. 2017) ..............................................................3, 14

*Gerald Chamales Corp. v. Oki Data Ams., Inc.*,
  247 F.R.D. 453 (D.N.J. 2007)...................................................................4

*Gibly v. Best Buy Co.*,
  2022 WL 2413906 (D.N.J. 2022) ...............................................................13

*In re Blood Reagents Antitrust Litig.*,
  756 F. Supp. 2d 623 (E.D. Pa. 2010)...........................................................3

*In re Netflix Antitrust Litig.*,
  506 F. Supp. 2d 308 (N.D. Cal. 2007)..........................................................9

*In re Plastics Additives Antitrust Litig.*,
  2004 WL 2743591 (E.D. Pa. 2004) ...........................................................3, 4

*Mann v. Brenner*,
  375 F. App'x 232 (3d Cir. 2010) ...............................................................2

*Mitchell Int'l, Inc. v. HealthLift Pharmacy Servs.*,
  2022 WL 111126 (D. Utah 2022)...............................................................13

*Nexstar Broad., Inc. v. Granite Broad. Corp.*,
  2011 WL 4345432 (N.D. Ill. 2011) ............................................................11

*Perelman v. Perelman*,
  2011 WL 3330376 (E.D. Pa. 2011) .............................................................6

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ..................................................................2

*Skoorka v. Kean Univ.*,
  2019 WL 4509294 (D.N.J. 2019) ...............................................................4

*SMT Solutions, Inc. v. ExpoEvent Supply LLC*,
  2012 WL 3526830 (D.N.J. 2012) .............................................................2, 14

*Spinelli v. Nat'l Football League*,
    2015 WL 7302266 (S.D.N.Y. 2015)....................................................................6

*Thomas v. Indep. Twp.*,
    463 F.3d 285 (3d Cir. 2006) ...............................................................................2

*Top v. Ocean Petroleum, LLC*,
    2010 WL 3087385 (D.N.J. 2010) ........................................................................1

*Udeen v. Subaru of Am., Inc.*,
    378 F. Supp. 3d 330 (D.N.J. 2019) ..................................................................4, 5

*Weisman v. Mediq, Inc.*,
    1995 WL 273678 (E.D. Pa. 1995) ....................................................................5, 6

*Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*,
    2002 WL 1971256 (E.D. Pa. 2002) .....................................................................4

**OTHER AUTHORITIES**

N.J. Civ. R. 72(a) .......................................................................................................1

Fed. R. Civ. P. 12 ..............................................................................................1, 3, 5

Fed. R. Civ. P. 26 .....................................................................................................15

Pursuant to Fed. R. Civ. P 72(a) and Local Civil Rule 72.1(c), Barnabas files this objection to Magistrate Judge Waldor's June 21, 2023 denial of Barnabas's Motion to Stay Discovery pending resolution of its Motion to Dismiss the Third Amended Complaint.  ECF 37.  Judge Waldor summarily denied the motion "per the preferences of the District Judge."  *Id*.  Given the breadth of CarePoint's claims, the strength of Barnabas's motion to dismiss, and the posture of the litigation, this presents a textbook instance where a limited-in-time stay is appropriate.

A stay of discovery will promote the efficient adjudication of this matter because Barnabas's Motion to Dismiss may obviate or significantly narrow the need for discovery.  A temporary stay will also cause no prejudice to CarePoint, who – despite amending the Complaint three times since filing 10 months ago – did not once seek to initiate discovery (and only did so after this Court set a scheduling conference).  A denial of a stay, in contrast, will impose substantial and likely unnecessary burdens on Barnabas, CarePoint, and the scores of third parties referenced in the Complaint.

## I.    A STAY IS WARRANTED BECAUSE BARNABAS'S MOTION MAY OBVIATE ALL OR SIGNIFICANT SWATHS OF DISCOVERY.

A Rule 12(b)(6) motion "represents a checkpoint that must be cleared before a plaintiff can reach the discovery stage of litigation."  *Top v. Ocean Petroleum, LLC*, 2010 WL 3087385, *3 (D.N.J. 2010).  Accordingly, courts routinely stay discovery pending resolution of a motion to dismiss.  *Ball v. Oden*, 2010 WL

598653, *7 (M.D. Pa. 2010) (A stay is "proper" where "the likelihood that [the] motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay."), *aff'd*, 396 F. App'x 886 (3d Cir. 2010); *cf. SMT Solutions, Inc. v. ExpoEvent Supply LLC*, 2012 WL 3526830, *4 (D.N.J. 2012) (Waldor, M.J.) (stay proper where it has "the potential to eliminate trial on the issue altogether or at least reduce the costs associated with litigating it").

As the Third Circuit explained, "it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010); *see also Thomas v. Indep. Twp.*, 463 F.3d 285, 302 (3d Cir. 2006) ("Until the Rule 12(b)(6) motion is resolved, all discovery must be stayed."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("[A] motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins."). And as the Ninth Circuit explained, a contrary conclusion "defies common sense" as "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (quoted by *Mann*, 375 F. App'x at 239).

In determining whether to issue a stay, courts take a "preliminary look" at the motion to dismiss. If the motion is not "without foundation," and carries the

*potential* to eliminate discovery or reduce the scope of it, courts will stay discovery until the motion has been resolved. *Actelion Pharms. Ltd. v. Apotex Inc.*, 2013 WL 5524078, *5 (D.N.J. 2013) ("If the dispositive motion is [not] without foundation or otherwise frivolous … the filing of a dispositive motion may favor the issuance of a stay where [it] may 'narrow[ ]' or 'outright eliminat[e]' the need for discovery."); *Galarza v. Whittle-Kinard*, 2017 WL 2198182, *3 (D.N.J. 2017) (granting stay after "preliminary look"); *Burress v. Freedom Mortg. Corp.*, 2022 WL 586606, *3 (D.N.J. 2022) ("[T]he appropriate standard by which to evaluate a dispositive motion for purposes of a motion to stay is whether the pending dispositive motion does not appear to be without foundation in law."); *Baquero v. Mendoza*, 2019 WL 13250988, *2 n.3 (D.N.J. 2019) (granting stay because "there is no contention that Defendant's dispositive motion is frivolous").

In response, CarePoint does not address this controlling and persuasive authority and instead largely cites to inapposite cases that did not involve the kind of early, limited stay pending a Rule 12 motion that Barnabas seeks here.  For instance, *In re Blood Reagents Antitrust Litig.* involved a stay pending completion of a parallel criminal investigation.  756 F. Supp. 2d 623 (E.D. Pa. 2010).  And *In re Plastics Additives Antitrust Litig.* addressed a motion for a stay pending

3

determination of class certification. 2004 WL 2743591 (E.D. Pa. 2004).[2] These have no application here, where the determination depends on whether the likelihood that Barnabas's motion narrows or eliminates the need for discovery outweighs any harm in a brief delay.

Here, CarePoint makes no argument that Barnabas's motion is frivolous. ECF 36. Indeed, CarePoint's own cases support a stay. In *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332-33 (D.N.J. 2019), the defendants conceded their motion to dismiss would not dispose of all claims in the case, and the Court ordered discovery only on "core issues" that were "limited" to "discovery [that] will be produced no matter what claims remain in the case." Thus, *Udeen* **granted** the defendants' motion for stay as to all issues subject to their motion to dismiss. The court thus ensured "the 'floodgates' of discovery will not open until defendants' motion is

---

[2] CarePoint's other cases similarly miss the mark. *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, 2002 WL 1971256, *6 (E.D. Pa. 2002) (stay while other issues were adjudicated to judgment); *Skoorka v. Kean Univ.*, 2019 WL 4509294, *5 (D.N.J. 2019) (stay while separate proceedings were adjudicated to completion and through appeal); *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, *4 (D.N.J. 2009) (same); *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (stay pending a motion for summary judgment)); *Am. Neighborhood Mortg. Acceptance Co. v. CrossCountry Mortg., Inc.*, 2022 WL 19728870, *2 (D.N.J. 2022) (stay pending a motion to intervene).

decided and the issues to be litigated are joined." 378 F. Supp. 3d at 333-34. The same is appropriate here.[3]

Barnabas's motion would, if granted, dispose of the entire action. CarePoint does not dispute this. Where, as here, "a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion," staying discovery "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Weisman v. Mediq, Inc.*, 1995 WL 273678, * 2 (E.D. Pa. 1995); *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979).

Indeed, a stay is particularly appropriate here because Barnabas's motion is not based on a technical pleading failure that may be easily cured through amendment. The deficiencies go to the heart of whether CarePoint has a claim. Barnabas attacks CarePoint's standing to bring claims that, at their core, relate to increased competition or matters unrelated to competition in the relevant market. CarePoint's failure to allege "antitrust injury" and "anticompetitive effects" is not due to a failure to allege a critical fact. CarePoint has thrice amended the Complaint (making the current version the fourth), including after being served with a motion

---

[3] The only cases denying a motion to stay pending a Rule 12 motion that CarePoint cited were minute entries with little to no reasoning or discussion. ECF 36 at 2. They hold no instruction as to the appropriate result here.

to dismiss the First Amended Complaint. If CarePoint's claims fail now, it is not because of a technical pleading deficiency, but because the conduct and injuries alleged are of no concern to the antitrust laws. Because Barnabas's motion presents a pure legal issue relating to the fundamental purpose of the Sherman Act, the motion should be decided before sending the parties off on an odyssey of discovery. CarePoint does not address these points. ECF 36.

Even if Barnabas's motion is not granted in full, a stay has "the advantage of simplifying and shortening discovery … by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli v. NFL*, 2015 WL 7302266, *2 (S.D.N.Y. 2015). Because the parties will have "full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur," the discovery process will be a far more rational and less expensive process. *Weisman*, 1995 WL 273678, at *2; *DSM Desotech Inc. v. 3D Systems Corp.*, 2008 WL 4812440, *2 (N.D. Ill. 2008) ("Where, as here, not one, but multiple independent theories of antitrust liability have been presented, the potential burden on defendants will likely be even higher, as the scope of discovery must be further broadened to encompass each type of anticompetitive action alleged."); *Perelman v. Perelman*, 2011 WL 3330376, *1 (E.D. Pa. 2011) ("a stay is proper where the likelihood that [the pending] motion may result in a narrowing … of discovery outweighs the likely harm to be produced by the delay.").

Here, Barnabas's Motion presented separate attacks on at least three categories of alleged conduct: (i) the opening of its Satellite Emergency Department in Bayonne; (ii) CarePoint's attempt to sell itself to various third parties (including Barnabas) and its ultimate conversion to a non-profit; and (iii) the alleged lobbying of government actors by Barnabas and others.

Each of these allegations involve different facts and different sources of discovery. For example, if the Court concludes that CarePoint cannot complain about the increased competition caused by Barnabas's entry into Bayonne, then discovery prior to 2018 may not be necessary, or may be significantly limited. Since CarePoint's allegations relating to SED potentially go back to 2013, a ruling could shave five years off the relevant discovery period. Discovery relating to CarePoint's and Barnabas's dealings with insurers, reimbursement practices, and their respective efforts to compete for patients and doctors would also likely become unnecessary. A decision dismissing these claims would, therefore, significantly reduce the number of custodians and third parties that would need to be searched.

Conversely, if the Court concludes that CarePoint's failed sales process claims are not viable, discovery relating to CarePoint's sale of its land in 2011; its business dealings with its landlords; the reasons leading to CarePoint's decision to sell its hospitals; and its dealings with Barnabas, Avery Eisenreich, MPT, Hudson Regional

Hospital, Yan Moshe, Nizar Kifaieh, Alaris Health, BMC, Raymond James, and the Hoboken Municipal Hospital Authority would likely become unnecessary.

Indeed, even if the Court ultimately concludes that CarePoint has stated a claim relating to both SED and CarePoint's failed sales process, it may still dismiss the allegations relating to Barnabas's lobbying activities. *See* ECF 28-1 at 36-38. As CarePoint conceded, "activities, including seeking the aid of governmental actors, may not be separately actionable or even considered as material parts of a monopolistic scheme." Cmplt. ¶ 180. Not surprisingly, therefore, CarePoint did not even respond to Barnabas's motion to dismiss these claims. *See* ECF 29. If those claims are dismissed, then discovery relating to those activities may be unnecessary, and certainly would be evaluated under a different proportionality standard than if the claims remained in the case. Discovery of governmental actors referenced in the Complaint – such as Jersey City Mayor Steve Fulop; Bayonne Mayor Jimmy Davis; the mayor and city council members of Hoboken; the members of the Hudson Municipal Hospital Authority; and other New Jersey State officials and the NJDOH – may therefore become unnecessary.

CarePoint does not respond to the fundamental truth that Barnabas's motion – if granted in full or even in part – will significantly narrow or eliminate the need for any discovery. That is grounds for a stay.

## II.    A STAY IS WARRANTED BECAUSE DISCOVERY WOULD POSE SUBSTANTIAL BURDENS ON BARNABAS, THIRD PARTIES, AND THE COURT.

A stay is particularly "appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007); *DSM Desotech*, 2008 WL 4812440, at *2 ("discovery in *any* antitrust case can quickly become enormously expensive and burdensome"); *Actelion*, 2013 WL 5524078, at *4 ("the potential cost of discovery [in antitrust cases] establishes a specific and substantiated risk of harm"). It is no surprise, then, that the modern pleading era was ushered in over concerns about antitrust discovery. As the Supreme Court said, "[i]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007).

As noted, the parties anticipate extensive discovery potentially going back over a decade to 2011 when CarePoint's Founders acquired the Relevant Hospitals and embarked on a plan to milk them for cash. *See DSM Desotech*, 2008 WL 4812440, at *3 (granting stay where relevant "business records [would] span a period of at least eight years of activity."). As set forth in the parties' Joint Discovery Plan, the parties' proposed high-level topics include:

| *CarePoint's Proposed Discovery Topics* | *Barnabas's Proposed Discovery Topics* |
|---|---|
| • Potential transactions between CarePoint and RWJ.<br>• Interactions between RWJ and Horizon.<br>• Interactions between RWJ and Eisenreich.<br>• Interactions among RWJ and other alleged or potential conspirators.<br>• Interactions among alleged or potential conspirators.<br>• Interactions between RWJ and state officials.<br>• Circumstances surrounding the SED in Bayonne.<br>• RWJ's lobbying activities.<br>• RWJ's business and competitive strategies.<br>• RWJ's acquisition of hospitals.<br>• Finances and operations as to RWJ hospitals.<br>• Interactions between RWJ and insurers.<br>• RWJ's transactions in real estate.<br>• RWJ's interactions with all other entities and persons identified in the complaint not already designated in the preceding topics. | • CarePoint's business and competitive strategies.<br>• Competition in the alleged relevant markets, including competitive substitutes.<br>• CarePoint's acquisition of HUMC, Bayonne, and Christ Hospitals (the "Relevant Hospitals").<br>• CarePoint's finances and operation of the Relevant Hospitals.<br>• Payments to CarePoint Founders (or their affiliates and related entities), including any potentially fraudulent activity that may have impacted the financial viability of the Relevant Hospitals.<br>• CarePoint's interactions with Horizon and other insurers.<br>• CarePoint's sale and/or lease of real estate underlying or adjoining the Relevant Hospitals (the "Hospital Real Estate").<br>• CarePoint's interactions with Eisenreich, Moshe, Kifaieh, MPT, Alaris Health and others relating to the Relevant Hospitals, including Hospital Real Estate.<br>• Circumstances relating to business operations, including business development, new programs, onboarding of new physicians, and workforce reductions, at Bayonne Medical.<br>• Circumstances surrounding the opening and operation of SED in Bayonne, including its effect on CarePoint.<br>• Circumstances relating to the sale, potential sale, and the conversion to a non-profit of the Relevant Hospitals.<br>• CarePoint's interactions with the persons and entities identified in the Complaint, including BMC Hospital, LLC; Hudson Municipal Hospital Authority; Raymond James; Hudson Regional Hospital; Barnabas; Atlantic Health; and other potential acquirers of the Relevant Hospitals. |

| CarePoint's Proposed Discovery Topics | Barnabas's Proposed Discovery Topics |
|---|---|
| | • CarePoint's alleged injury or damages, including but not limited to alleged lost personnel, patients, and money. |

"When multiple theories of antitrust liability are advanced, defendants face a potentially greater burden because the scope of discovery must be further expanded to encompass each type of alleged anticompetitive action." *Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 WL 4345432, *2 (N.D. Ill. 2011) (granting stay). This has already translated into requests from CarePoint for "all documents and communications" relating to each of the allegations in the complaint, including:

- The parties 2019 LOI regarding the potential sale of CarePoint hospitals, to Barnabas's SED;

- Barnabas's strategic planning generally;

- Interactions with two third parties (Avery Eisenreich and Yan Moshe);

- Interactions with state, county, the Department of Health, and other government officials;

- Barnabas's lobbying activities generally;

- The "potential, planned, or actual acquisition" of any other hospital or facility in New Jersey;

- Ten years of financial statements and data; and

- Barnabas's real estate transactions in Hudson County.[4]

---

[4] For its part, Barnabas served 165 document requests covering a similar set of topics.

Courts have found such broad discovery topics to be sufficiently burdensome to warrant a stay. *DSM Desotech*, 2008 WL 4812440, at *3 (stay favored where discovery would involve extensive discovery of "sales contract[s]," "sales and marketing document[s]," "large categories of third-party contracts," and "complex financial records and reports."). Many of these requests are objectionable as overbroad, disproportional, and irrelevant. But they are *all* potentially mooted by Barnabas's motion to dismiss. For this reason, there is no reason for the parties to immediately engage in the substantial burden and expense of, not only searching, collecting, reviewing, and producing responsive documents, but also engaging in what likely will be significant meet and confers and briefing to the Court on discovery disputes arising from these requests. The better course is to stay discovery until the motion to dismiss is adjudicated, at which point the parties will know which, if any, requests are actually still at issue. This Court should not waste valuable resources deciding the many discovery disputes that will likely arise once discovery begins in earnest until it has to.

## III.    A STAY IS WARRANTED BECAUSE CAREPOINT WILL SUFFER NO PREJUDICE.

Stays are "not favored" only when they "create case management problems" or "cause unnecessary litigation expenses and problems." *Gibly v. Best Buy Co*., 2022 WL 2413906, **2-3 (D.N.J. 2022). Accordingly, courts require a "specific" showing of prejudice beyond the tautological argument that any stay will delay

discovery.  *Id.*, at *3 n.5 (granting stay where plaintiffs "have not identified any specific or cognizable injury or prejudice."); *Buress v. Freedom Mortg. Corp.*, 2022 WL 586606, *2 (D.N.J. 2022) ("'mere' delay does not, without more, necessitate a finding of undue prejudice" from a stay).  In its response, CarePoint recites these standards, but it makes no showing of any prejudice or case management problems. ECF 36.

Nor could it.  The requested stay will be short, since the fully briefed motion was filed over a month ago, and Barnabas served its motion on March 1, 2023 (126 days ago).  CarePoint has not, and cannot, identify any prejudice from such a short stay.  *See Burress*, 2022 WL 586606, at *3 ("Plaintiff fails to demonstrate that a stay of discovery … would be unduly prejudicial" because "Defendant seeks a stay only until the District Court rules on the two *presently pending* motions."); *Mitchell Int'l, Inc. v. HealthLift Pharmacy Servs.*, 2022 WL 111126, *4 (D. Utah 2022) ("the motion to dismiss is fully briefed … so any delay is unlikely to be substantial.").

CarePoint says it has a right to discovery now, but it has no right to discovery on claims that fail as a matter of law.  And there is no immediacy.  CarePoint does not allege any ongoing harm requiring immediate relief.  It has not sought a preliminary injunction, and all the conduct it complains of – opening a competing facility in Bayonne in 2017, and allegedly interfering with the now-concluded sales process two years ago – occurred in the past.  There will be no difference between

starting discovery now and starting it in a month or two. *See DSM Desotech v. 3D Systems Corp.*, 2008 WL 4812440, *3 (noting that "[a]bsent circumstances presenting a compelling need for prompt discovery – as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness … the principles underlying *Twombly* counsel in favor of granting defendants' motion to stay.").

Indeed, this case has been pending for over ten months. Any delay was caused by CarePoint's own serial amendments to the Complaint. During this time, CarePoint has not once sought to initiate discovery. *Galarza v. Whittle-Kinard*, 2017 WL 2198182, at *3 (granting stay because "[d]iscovery is truly in its infancy stage."); *SMT Solutions v. ExpoEvent Supply LLC*, 2012 WL 3526830, at *5 (Waldor, M.J.) (staying proceedings because "discovery is in its early stages."). CarePoint says it could not serve discovery until after the Rule 26(f) conference, but it never once reached out to hold the conference until the Court gave it a deadline to do so. There is no reason why CarePoint cannot wait a little longer until after this Court rules on Barnabas's Motion to Dismiss.

## IV.    CONCLUSION.

For the foregoing reasons, Barnabas respectfully requests that the Court set aside the Order of Magistrate Judge Waldor dated June 21, 2023 and stay discovery pending resolution of Barnabas's Motion to Dismiss the Third Amended Complaint.

Dated: July 5, 2023                Respectfully submitted,

*/s/ Ryan P. Blaney*
Ryan P. Blaney (Bar No. 00618-2006)
Colin R. Kass*
Erica T. Jones*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004
(202) 416-6800
rblaney@proskauer.com
ckass@proskauer.com
ejones@proskauer.com

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
dmunkittrick@proskauer.com

*Attorneys for Defendant*
*RWJ Barnabas Health, Inc.*

*\* Admitted Pro Hac Vice*

15

## <u>CERTIFICATE OF SERVICE</u>

I, Ryan P. Blaney, hereby certify that on July 5, 2023, RWJ Barnabas's

Motions to Dismiss was served on counsel of record for Plaintiffs via ECF.

*/s/ Ryan P. Blaney*
Ryan P. Blaney
