# Exhibit E

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| CarePoint Health Management Assoc. LLC, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:22-cv-05421-EP-CLW |
| RWJ Barnabas Health, Inc. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BDO USA, LLP
830 Bear Tavern Rd, Ewing, NJ 08628

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Proskauer Rose LLP<br>Eleven Times Square<br>New York, New York 10036 | Date and Time:<br><br>14 Days After Service |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/09/2024

*CLERK OF COURT*

OR

_____           /s/ William T. Walsh
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant RWJ Barnabas Health, Inc. , who issues or requests this subpoena, are:

William T. Walsh, Eleven Times Square, New York, NY, 10036, WWalsh@proskauer.com, 212-969-3908

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:22-cv-05421-EP-CLW   Document 117-7   Filed 08/09/24   Page 3 of 11 PageID: 1721

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-05421-EP-CLW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**Definitions**

1. The terms "you" or "your" means BDO USA, LLP as well as its affiliates, officers, directors, or employees; and its agents, representatives, and attorneys when acting in that capacity; and all other persons acting or purporting to act on its behalf.

2. The term "CarePoint" refers to Plaintiffs CarePoint Health Systems Inc., Hudson Hospital OPCO, LLC, d/b/a CarePoint Health—Christ Hospital; IJKG, LLC, IJKG PROPCO, LLC and IJKG OPCO, LLC, d/b/a CarePoint Health—Bayonne Medical Center; and HUMC OPCO, LLC, d/b/a CarePoint Health—Hoboken University Medical Center, as well as their present or former affiliates, officers, directors, or employees; their Founders; their representatives, agents, and attorneys when acting in that capacity; and all persons or entities acting or purporting to act on CarePoint's behalf.

3. The term "Founders" means Vivek Garipalli, James Lawler, and Jeffrey Mandler.

4. The term "Relevant Hospitals" refers to business, operations, or assets of Hoboken University Medical Center ("HUMC") and operating under HUMC Opco, LLC; Bayonne Medical Center ("Bayonne"), and operating under IJKG Opco, LLC; and Christ Hospital, operating under Hudson Hospital Opco, LLC.

5. The term "all" means "any," "each," and "every," and vice versa.

6. The term "including" means including but not limited to.

7. The terms "document" or "documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and relevant case law, and shall include without limitation all written or graphic matter, whether stored, displayed, communicated, or transmitted, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, including: electronically stored information, written communications, letters,

memoranda of conversations, interoffice communications, records, statistical and financial statements, charts, graphs, reports, minutes, emails, voicemails, sound or video recordings of any type, contracts, agreements, computer diskettes, CDs or DVDs, or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

8. The terms "communication" or "communications" have the broadest meaning permitted under the Federal Rules of Civil Procedure, and includes any transmission of information between two or more persons, whether by, without limitation: personal meeting, telephone, letter, telegraph, e-mail, electronic bulletin board, electronic "chat room," instant message, text message, any other form of electronic correspondence, teleconference, facsimile, telex, or any other means whatsoever.

**Instructions**

For the purposes of these Specifications, unless otherwise agreed, the following instructions will apply.

1. Unless otherwise specified, each Specification calls for documents created, modified, sent, or received on or after January 1, 2011, through the present (the "Relevant Period").

2. In responding to this Subpoena, you shall produce all responsive documents that are in your possession, custody, or control.

3. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for, review of, response to, or production of any document or document Specification. If you are withholding responsive information pursuant to any general objection, you must so expressly indicate. If, in answering any Specification, you claim any ambiguity in interpreting either the Specification or a definition or instruction applicable thereto such claim shall not be used by you as a basis for refusing to respond. Instead, you must set forth as part of your response the language deemed to be ambiguous and the interpretation you used or intend to use in responding to this Specification.

4. When a Specification seeks production of "all documents" of a particular type, you must produce each and every responsive document, including any drafts or copies of documents that may exist.

5. If there are no documents responsive to a request, you must expressly state that fact.

6. You must search for and produce all responsive non-electronically-stored information ("hard-copy documents") and electronically-stored information ("ESI").

7. Absent further agreement, ESI should be produced in accordance with the Court's September 28, 2023 ESI Order, ECF 56.

8. Whenever necessary to bring within the scope of a Request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

   a. Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the Request more inclusive;

   b. Construing the singular form of any word to include the plural and the plural form to include the singular;

   c. Construing the past tense of any verb to include the present tense and the present tense to include the past tense;

   d. Construing the term "date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

   e. Construing the masculine form to include the feminine form;

   f. Construing negative terms to include the positive and vice versa; and

   g. The terms "concerning," "regarding," "relating to," and "reflecting" shall all have the same meaning, each shall be construed broadly, and none shall be construed as being more limited than any of the others.

9. All words not defined in the Definitions shall be construed using their plain and ordinary meaning. In answering any Request, if you claim any ambiguity in interpreting either the Request or a definition or instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the Request. Unless otherwise agreed, if more than one meaning can be ascribed to a word, the meaning that would make a document be covered by the request should be used, unless you provide written notice of the specific ambiguity and state the definition of the word you are using to exclude any document from the scope of the Request.

10. If you redact any portion of a document, stamp the word "redacted" on each page or portion of the document that has been redacted. Privilege redactions must be included in a

privilege log; non-privilege redactions must also be included in a log describing the basis for the redaction.

11.    If you seek to withhold production of any document (or portion thereof) based on privilege, you must comply with the logging and disclosure requirements of Rule 26(b)(5) separately for each such document.  The log should also include (i) the specific grounds for the claim of privilege; (ii) the date of the privileged communication or information; (iii) the parties participating in the privileged communication or privy to the privileged information (denoting all attorneys with an asterisk "*"); and (iii) the nature of the communication or information with sufficient detail to assess the claim of privilege.  Additionally, for any information withheld under a claim of attorney work product protection, identify with particularity the specific litigation or regulatory proceeding that was anticipated or pending to which such information relates.

**Specifications**

1. Documents sufficient to show (i) the terms relating to any engagement for services provided by you to CarePoint, the Relevant Hospitals, the Founders, or any entity affiliated with any such person or entity, including the dates of engagement and the scope of services provided; and (ii) any other agreements between you and CarePoint, the Relevant Hospitals, the Founders, or any entity affiliated with any such person or entity.

2. All documents regarding CarePoint, the Relevant Hospitals, the Founders, or any entity affiliated with any such person or entity.

3. All documents relating to any audits, financial statements, investigations, or other services you provided to CarePoint, the Relevant Hospitals, the Founders, or any entity affiliated with any such person or entity, including drafts of any audits, communications relating to such audits, and internal working files, notes, or analyses.

4. All documents relating to whether CarePoint's financial statements or reporting does or does not comply with GAAP or other accounting principles.

5. All documents relating to any interested party transactions, payments, distributions, or transfers between or among CarePoint, any Relevant Hospital, the Founders, or any entity affiliated with any such person or entity.

6. All documents relating to any loans provided by any person to CarePoint, any Relevant Hospital, the Founders, or any entity affiliated with any such person or entity.

7. All documents relating to the New Jersey State Commission of Investigation (SCI) investigation into CarePoint hospitals, including all formal or informal discovery requests issued by SCI, any correspondence with SCI, any testimony given in connection with the SCI

investigation, any written submissions provided to the SCI, all documents produced to the SCI, and all communications with CarePoint or the Founders relating to the SCI.

        8.       All documents relating to any fraud or improper conduct (including any documents relating to any allegations of potential fraud or potential improper conduct) involving CarePoint, the Relevant Hospitals, the Founders, or any entity affiliated with any such person or entity.