# Exhibit 3



Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

David A. Munkittrick
212-969-3226
dmunkittrick@proskauer.com

August 6, 2024

*Via Email*

Patrick M. Harrington
DILWORTH PAXSON LLP
457 Haddonfield Road, Suite 700
Cherry Hill, NJ 08002

Re:   *CarePoint v. RWJ Barnabas, 2:22-cv-05421 (D.N.J)*
      *Third Letter re Post-Stay Outstanding CarePoint Discovery*

Dear Patrick:

We write to follow up on outstanding discovery we raised in our July 8, 2024 letter, our following July 8th meet and confer, and again in our July 19, 2024 letter. When the parties met on July 8th, CarePoint indicated a willingness to provide certain information and responses on all items listed below. But, after nearly a month, and our follow-up request on July 19th, we still have not received any documents, responses, or correspondence addressing the status of these items.

### A.   CPHMA Subpoena

CarePoint previously represented that it would provide us an update on the volume of documents responsive to the CPHMA Subpoena by July 12. On July 19, we requested a status update on this request by July 22 and the production of relevant documents by July 29. We have not received any status update or responsive documents. Please let us know by tomorrow the status of CPHMA's production.

### B.   CarePoint Depositions

As stated in our July 19 letter, CarePoint previously agreed to provide dates for Dr. Duffy and contact information for Dr. Deckmann's counsel and to advise us whether your firm will be representing Mr. Kelly. You have not responded to this request.

To avoid further delay, enclosed with this letter is a Notice of Deposition for Dr. Duffy. We have noticed the deposition for August 23rd, in Proskauer's New York Office. If the time or location is not convenient, please let us know.

We also intend to issue deposition subpoenas for Dr. Deckmann and Mr. Kelly. As a courtesy to them, we would prefer to serve them through counsel rather than through process server. Accordingly, if you have counsel information for them, please provide it by tomorrow, August 7.

### C.   CarePoint's Document Production

As outlined in Barnabas's July 8 and 19 letters, please advise on the status of CarePoint's investigation of the preservation (or lack thereof) for CarePoint's Founder Custodial Files.

Please also advise when we can expect (i) Custodial Files for Mark Spector, Richard Sarli and William Pelino; (ii) Documents relating to the Prior Litigations; (iii) financial documents provided to HRH in connection with *WTFK Bayonne Propco LLC v. IJKG Opco, LLC,* 2020-0480-KSJM (Del. Ch.); and (iv) Mr. Modugno's prior production in *HUMC Holdco, LLC v. MPT of Hoboken*, 2019-0972-KSJM (Del. Ch. 2019).

Additionally, as identified in Barnabas's April 3, July 8 and July 19 letters, the following categories of documents were requested by Barnabas and have not yet been produced: communications with CarePoint's state-appointed financial monitor (*e.g.*, RFP 29); Final, executed contracts and agreements with, *e.g.*, Sequoia, CHMA, IJKG, and Clover (RFP 22); Operating agreements and amendments for IJKG, LLC, IJKG Propco, HUMC Opco, and Bayonne Medical Center; and all LLC Agreements and membership agreements relating to any healthcare or healthcare management-related entity that any of the Founders, directly or indirectly, have or had a membership interest, ownership interest, or equity interest in. Please let us know when we can expect to receive them.

Additionally, while it does appear that CarePoint has produced some documents related to (i) CarePoint's opposition of Barnabas's SED and (ii) CarePoint's SED and other responsive CON applications, and decisions, please confirm whether these productions are substantially complete.

### D.    Privilege Disputes

*Party Documents*. Barnabas reiterates its July 8 and July 19 requests for a proposed date certain for the exchange of privilege logs.

*Mandler Documents*. CarePoint indicated on July 8 that it was currently undertaking a privilege review of the Mandler documents. Barnabas requested an update on the status of this review in its July 19 letter, but has not received a response. Please advise us on the status of this review by tomorrow, August 7. If CarePoint intends to withhold any documents on the basis of privilege, we will also need a privilege log for such documents.[1]

*Modugno Documents*. On our July 8th meet and confer, CarePoint agreed that, pursuant to the Joint Confidentiality Order (ECF 73, at 10), within 14 days of Mr. Modugno's production of documents to CarePoint, CarePoint would (i) review Mr. Modugno's production for privilege; (ii) reproduce to Barnabas all non-privileged documents; and (iii) provide a privilege log for any withheld documents. Mr. Modugno's counsel notified us this week that CarePoint received Mr. Modugno's document production on Friday, July 12, 2024. Because CarePoint's deadline to assert privilege, and reproduce the non-privileged documents, expired on July 26th, CarePoint has waived privilege. Please produce all of Mr. Modugno's documents by this Friday.

### E.    Structured Data

On July 8, you indicated that CarePoint planned to respond to the questions attached in Appendix A to Barnabas's July 8 letter. We requested an update on the status of this questionnaire on July 19, and have received no response. Please let us know the status of this response by tomorrow, August 7.

---

[1] As noted previously, Barnabas's position is that CarePoint has waived any privilege claim.

2

Best,

*/s/ David Munkittrick*

3