# EXHIBIT 1

## FILED UNDER SEAL



Proskauer Rose LLP | 11 Times Square | New York, NY 10026

David A. Munkittrick
212-969-3226
dmunkittrick@proskauer.com

April 9, 2024

*Via Email*

Patrick M. Harrington
DILWORTH PAXSON LLP
457 Haddonfield Road, Suite 700
Cherry Hill, NJ 08002

Louis J. Petriello
Attorney At Law
Petriello & Royal, LLC
526 Township Line Road, Suite 200
Blue Bell, PA  19422

> Re:   *CarePoint v. RWJ Barnabas, 2:22-cv-05421 (D.N.J)*
>       *Mandler's Production.*

Dear Patrick and Louis:

   We write regarding Jeffrey Mandler's production in response to Barnabas's October 13, 2023 subpoena.[1]  In reviewing this production, we have identified a few documents that may arguably contain potentially privileged information.  *See* Mandler0020766, Mandler0023258, Mandler0060077, Mandler0195923, Mandler0308371.

   We do not know the provenance of these documents, or whether they truly are privileged, or whether the production was intentional or inadvertent.  Nonetheless, we will sequester these five documents.  Please let us know as soon as possible – and no later than April 23, 2024 – whether Mr. Mandler or CarePoint intends to assert privilege over these documents.  If so, please comply with the privilege log requirements of Rule 26(b)(5).  Barnabas reserves the right to challenge any privilege assertion if made.

   Given the fact that we have already found these potentially privileged documents, it is possible that other such documents are contained in the production.  We understand that CarePoint had not had an opportunity to review the documents for privilege prior to Mr. Mandler's production, and Mr. Mandler may have chosen to produce his documents in the interests of time with only a limited privilege review.[2]

---

[1] Pursuant to the Parties' agreement and the Protective Order, Barnabas reproduced a copy of the production to CarePoint's counsel.

[2] We note that, under Fed. R. Evid. 502(b), the production of privileged information constitutes a waiver unless "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; ***and*** (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26 (b)(5)(B)."  All three elements must be satisfied.  Here, it is unclear whether the production of any documents was inadvertent; or if it was, whether Mr. Mandler took reasonable steps (such as properly tailored search terms) to prevent the disclosure.  In any event, even if production was inadvertent, the rule requires that the privilege holder "promptly" take reasonable steps to rectify the error.



Page 2

That said, Barnabas does not intend, nor is it obligated, to conduct a privilege review on your clients' behalf. Such a review is expensive, and requires multiple levels of attorney review before Barnabas would be able to reach a reasonable belief about whether any such document was inadvertently produced or contains privileged information. Nor would any such review occur independent of a review for merits reasons. And, if Barnabas is going to conduct a merits review of documents, it should not be deprived of the use of documents that were not subject to a reasonable pre-production privilege review (or in CarePoint's case, a prompt post-production review).

Accordingly, pursuant to Paragraph 13 of the Protective Order (ECF 73), Barnabas hereby provides notice that it reasonably believes that Mr. Mandler's document production includes documents that may contain privileged information. If either of your clients wish to assert privilege, you should do so "promptly," as required by Fed. R. Evid. 502(b)(3), and no later than two weeks, as required by Paragraph 13 of the Protective Order.[3]

If you do not identify the specific documents you wish to withhold under a claim of privilege by April 23, 2024, we will assume that any document is either not privileged or was advertently produced, and thus, waived.[4]

If you believe otherwise, please let us know when you are available for a meet and confer in advance of raising the issue with the Court.

Best regards,

*/s/ David Munkittrick*

---

[3] Because most documents do not contain potentially privileged information, we do not intend to sequester the entire production beyond the 5 documents identified above. If you want us to sequester any other portion of the production for the next two weeks, please let us know which documents by bates number or search term. We, of course, reserve the right to object to any overbroad sequestration demand.

[4] Barnabas reserves all rights, including the right to assert waiver of privilege based on any pre-production failure to use privilege search terms to guard against the inadvertent production of documents. In that regard, we request that Mr. Mandler produce the list of privileged search terms used to guard against the production of privileged information.