# EXHIBIT 2

**FILED UNDER SEAL**



| | |
|---|---|
| DIRECT DIAL NUMBER:<br>(215) 575-7236 | Patrick Harrington<br>pharrington@dilworthlaw.com |

*Via Electronic Mail*                                    April 15, 2024

David Munkittrick
Proskauer Rose LLP
11 Times Square
New York, NY 10026
dmunkittrick@proskauer.com

      **Re:    CarePoint Health Systems Inc., et al. v. RWJ Barnabas Health, Inc.**
            **District of New Jersey Civil Action No. 2:22-cv-05421-EP-CLW**

Dear David:

    I write in response to your April 9, 2024 letter regarding potentially privileged documents existing in the production, pursuant to subpoena, by Jeffrey Mandler ("Mandler") in this matter. You represent that you "have identified a few documents that may arguably contain potentially privileged information," and proceed to list these documents as Mandler0020766, Mandler0023258, Mandler0060077, Mandler0195923, Mandler0308371. You later state that "it is possible that other such documents are contained in the production." Finally, you state that "pursuant to Paragraph 13 of the Protective Order (ECF 73), Barnabas hereby provides notice that it reasonably believes that Mr. Mandler's document production includes documents that may contain privileged information," and that "[i]f [CarePoint] wish[es] to assert privilege, you should do so "promptly," as required by Fed. R. Evid. 502(b)(3), and no later than two weeks, as required by Paragraph 13 of the Protective Order." Further you declare that "[i]f you do not identify the specific documents you wish to withhold under a claim of privilege by April 23, 2024, we will assume that any document is either not privileged or was advertently produced, and thus, waived."

    Paragraph 13 of the protective order is set out, in its entirety, below:

    13. Inadvertent Disclosure of Privileged Material. The inadvertent or unintentional disclosure by a producing party of information subject to a claim of privilege, including, but not limited to, the attorney-client privilege, or the work product doctrine, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's claim of privilege. As an example, but without limiting the foregoing, the disclosure of privileged information shall be deemed inadvertent if the disclosure was the result of the failure of search terms to capture such documents, so long as the producing party believed in good faith, at the time of production, that the search terms were

adequate to guard against such production. In all cases, should the receiving party reasonably believe that a document produced to it was inadvertently produced or contains privileged information or attorney-work product, that party shall notify the producing party and, upon the producing party's request, shall immediately sequester such documents. Further, should the producing party notify the receiving party of the inadvertent production of documents containing privileged information or attorney-work product, the receiving party shall immediately sequester such documents. The producing party shall then provide the basis for the privilege claim within fourteen (14) days of the producing party's discovery or notification of the inadvertent production, and produce to the party possessing the inadvertent production a privilege log identifying the inadvertently disclosed information and setting forth the basis for its withholding. If the receiving party intends to challenge the basis for withholding, the resolution of any dispute that may arise concerning whether a document is privileged or entitled to protection as trial-preparation material shall be governed by Rule 26(b)(5)(B). If the receiving party does not intend to challenge the basis for withholding, it shall return or destroy the inadvertently produced information within fourteen (14) days of receipt of a privilege log.

Notably, the protective order states, in pertinent part, that "[t]he inadvertent or unintentional disclosure by a producing party of information subject to a claim of privilege…shall not be deemed a waiver in whole or in part of the party's claim of privilege." It goes on to state that "should the receiving party reasonably believe that a document produced to it was inadvertently produced or contains privileged information or attorney-work product, that party shall notify the producing party and, upon the producing party's request, shall immediately sequester such documents." Additionally, upon such notification, "the receiving party shall immediately sequester such documents." Importantly, "the producing party [here, Mandler] shall then provide the basis for the privilege claim within fourteen (14) days of the producing party's discovery or notification of the inadvertent production, and produce to the party possessing the inadvertent production a privilege log identifying the inadvertently disclosed information and setting forth the basis for its withholding."

The process seems clear here. Mandler produced documents that you have identified may be privileged. As such, you notified Mandler's counsel (and me) of such documents. These specifically enumerated documents listed in your letter must be addressed in 14 days and then the protective order sets out a process if the parties don't agree. If you encounter other documents, the process repeats.

However, under the terms of the protective order, your statement that "[i]f you do not identify the specific documents you wish to withhold under a claim of privilege by April 23, 2024, we will assume that any document is either not privileged or was advertently produced, and thus, waived" pertains **only** to the documents enumerated in your letter, specifically, Mandler0020766, Mandler0023258, Mandler0060077, Mandler0195923, Mandler0308371. If there arise other potentially privileged documents, they will cause a new process to be initiated, pursuant to the protective order. And, as paragraph 13 expressly provides, the inadvertent

2

production of privileged material "shall not be deemed a waiver, in whole or in part" of the claim of privilege.

          Sincerely,

          */s/ Patrick M. Harrington*
          Patrick M. Harrington, Esq.
          *pharrington@dilworthlaw.com*

124042582-1
#124201055v2