# EXHIBIT 3

**FILED UNDER SEAL**



Proskauer Rose LLP | 11 Times Square | New York, NY 10026

David A. Munkittrick
212-969-3226
dmunkittrick@proskauer.com

April 17, 2024

*Via Email*

Patrick M. Harrington
DILWORTH PAXSON LLP
457 Haddonfield Road, Suite 700
Cherry Hill, NJ 08002

    Re:    *CarePoint v. RWJ Barnabas, 2:22-cv-05421 (D.N.J)*
              <u>CarePoint's Refusal to Take Reasonable Steps to Protect Privilege.</u>

Dear Patrick:

    We write in response to your April 15th letter concerning CarePoint's waiver of privilege for documents in Jeffrey Mandler's production.

    Your letter incorrectly asserts that CarePoint's obligation to claim privilege over documents in Mr. Mandler's production is limited to the five documents that Barnabas has brought to your attention.[1] That is not correct. If CarePoint is going to assert privilege for any document in the Mandler production,[2] it is under an affirmative obligation to review Mr. Mandler's production to identify privileged documents, and the failure to do so constitutes a waiver of all privilege relating to such documents, and any other document concerning the "same subject matter" that "ought in fairness to be considered together" with the disclosed document. Fed. R. Evid. 502(a).

    Your attempt to shift the burden onto Barnabas for conducting your own privilege review has no merit for at least ***three*** reasons. *First*, CarePoint has waived privilege when it did not demand the return of CarePoint documents from Mr. Mandler when he disassociated from CarePoint in 2022. By allowing Mr. Mandler to retain attorney-client privileged information, CarePoint failed to take reasonable steps to preserve the privilege. Indeed, despite receiving notice of the subpoena at the time of issuance, it appears that CarePoint has done nothing to protect any privilege it might have had.

    *Second*, irrespective of whether CarePoint might have been able to assert privilege, that privilege was waived when Mr. Mandler intentionally produced the documents in discovery. Your letter does not claim any privilege belonging to CarePoint, or that Mr. Mandler, as a founder and CEO during the relevant period, cannot waive any privilege over these documents. As such, when Mr. Mandler produced documents to Barnabas, he waived any privilege relating to such documents, regardless of whether – absent such disclosure – CarePoint would have otherwise had a basis for asserting privilege. Nor does the Protective Order allow a non-producing party to

---

[1] We note that you have not yet asserted privilege over those five documents, or complied with Rule 26(b)(5)'s logging requirements.

[2] It is unclear whether CarePoint intends to assert any privilege, given your statement that "the producing party [here, Mandler] shall then provide the basis for the privilege claim…."

**Proskauer**

Page 2

resurrect a privilege claim that has been waived by the producing party. Indeed, nothing in the Protective Order gives CarePoint *any* rights with respect to documents it did not produce.

*Third*, even if CarePoint could assert privilege, it is well-established that a "privilege holder" must take reasonable steps to protect the privilege. Fed. R. Civ. P. 502(b) ("the disclosure does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) ***the holder of the privilege or protection took reasonable steps to prevent disclosure***; and (3) ***the holder promptly took reasonable steps to rectify the error***."). Your letter does not identify any steps CarePoint took to prevent disclosure or rectify any error since being placed on notice that Mr. Mandler's production may contain potentially privileged information. Now that you are on notice, disclosure is not "inadvertent or unintentional." Thus, if CarePoint is going to attempt to assert a privilege, now is the time. We understand that CarePoint is claiming financial difficulties. But it brought this lawsuit, and it is obligated to take reasonable steps to identify the documents over which it wishes to assert privilege. That obligation is not satisfied by lying in wait until after Barnabas reviews Mr. Mandler's documents for your benefit.

Accordingly, you are on notice that we will be asserting waiver for any document you have not attempted to claw back by April 23, 2024, and subject matter waiver as to any document that falls within the scope of Rule 502(a).

Finally, Barnabas disagrees that it has not fully satisfied its obligation under Paragraph 13 of the Protective Order by providing notice that Mr. Mandler's production may contain privileged documents beyond the five documents identified by Bates Number. The Protective Order does not require Barnabas to conduct your privilege review for you. Nor does it impose any obligation to make a document-by-document determination of whether a particular document contains potentially privileged information. Nor could Barnabas practically undertake such a task. It does not know, for example, which attorneys are working for CarePoint as business consultants. *See* AEisen0008282, Modugno Tr. 18:9-10, 166:6-167:11 ("It's a combination of business advice and legal advice the way I would capture it" and it's "hard to split the issues in two"). By providing you notice that Mr. Mandler's production may contain privileged information, and providing you with a reasonable opportunity to make privilege designations, we can rightfully assume that – if you decline to review the production for privilege –you have made a conscious decision to waive any privilege that may apply.

Accordingly, we do not plan to identify any further documents from Mr. Mandler's production. Since you seem to believe that the Protective Order imposes this obligation on us, we would like to meet and confer prior to raising the issue with the Court.

Best regards,

*/s/ David Munkittrick*