# EXHIBIT 7

**FILED UNDER SEAL**



Proskauer Rose LLP | 11 Times Square | New York, NY 10026

David A. Munkittrick
212-969-3226
dmunkittrick@proskauer.com

May 15, 2024

*Via Email*

Patrick M. Harrington
DILWORTH PAXSON LLP
457 Haddonfield Road, Suite 700
Cherry Hill, NJ 08002

Louis J. Petriello
Attorney At Law
Petriello & Royal, LLC
526 Township Line Road, Suite 200
Blue Bell, PA 19422

    Re: *CarePoint v. RWJ Barnabas, 2:22-cv-05421 (D.N.J)*
       Fourth Letter Regarding Mandler's Production.

Dear Patrick and Louis:

  We write to follow-up on our prior correspondence concerning documents in third-party productions (including those of Jeffrey Mandler) for which CarePoint has not asserted any claim of privilege.

  To recap, on April 9, 2024, we notified you that we had "identified a few documents that may arguably contain potentially privileged information." In that letter, we identified five specific documents by Bates number, and requested that you assert any privilege claim with 14 days, pursuant to Paragraph 13 of the Protective Order (ECF 73). You did not assert any privilege claim over these documents, and thus, waived any such claim as to those documents.

  On April 9th, we also provided notice that Mandler's production may contain other potentially-privileged documents, and – again pursuant to the Protective Order – requested that you assert any privilege claim over such documents within two weeks. You declined to do so.

  Instead, CarePoint initially purported to claw back the entire Mandler production, but then withdrew that demand the same day. *See* April 23, 2024 Ltrs. from P. Harrington. It has now been five weeks since we provided you notice under the Protective Order that Mandler's production may contain potentially-privileged information. You have yet to assert any claim of privilege.

  As we previously explained, by providing you notice on April 9th, Barnabas fully complied with its obligations under the Protective Order to provide notice and opportunity to CarePoint to assert privilege. While CarePoint has previously suggested that Barnabas should continually provide CarePoint with notice as it comes across additional documents that CarePoint may (or may not) wish to assert privilege, that process is untenable. Nor is it appropriate for CarePoint to shift the costs and burden of conducting a privilege review for CarePoint's benefit onto Barnabas. Indeed, CarePoint appears to have recognized as such in your April 23rd letter, noting that CarePoint is "not asking Barnabas to incur costs of sequestering the documents" in Mandler's



Page 2

production or otherwise "prevent Barnabas from preparing its defense based on information it subpoenaed from third-parties."[1]

That said, we want to ensure that there is no misunderstanding among the parties, and that CarePoint will not claim that the failure to identify specific additional documents in the future by bates number, or to use such documents in the case (for deposition, at trial, with experts, for internal case preparation, or otherwise), violates Barnabas's obligations under the Protective Order. Accordingly, we ask that CarePoint confirm in writing that Barnabas has no further obligation under Paragraph 13 of the Protective Order to provide any further notice to CarePoint with respect to any document in Mandler's production.

If you do not confirm this in writing, we intend to ask the Court for appropriate relief, including the costs of bringing the matter before the Court.

Best regards,

/s/ *David A. Munkittrick*

---

[1] We have identified the following additional documents that may contain potentially privileged (but now waived) information: Mandler0166548, Mandler0283478, Mandler0335995. Out of abundance of caution, we have sequestered these documents for the time being. If you intend to assert privilege over these documents, please let us know immediately.