# EXHIBIT 8

**FILED UNDER SEAL**



DIRECT DIAL NUMBER:  
(215) 575-7236

Patrick Harrington  
pharrington@dilworthlaw.com

*Via Electronic Mail*                       May 15, 2024

David Munkittrick  
Proskauer Rose LLP  
11 Times Square  
New York, NY 10026  
dmunkittrick@proskauer.com

       Re:     **CarePoint Health Systems Inc., et al. v. RWJ Barnabas Health, Inc.**  
             **District of New Jersey Civil Action No. 2:22-cv-05421-EP-CLW**

Dear David:

     I write in response to your letter sent today, May 15, 2024[1] - the fourth letter you have sent regarding Mr. Mandler's Production. I deemed it imperative to clarify your misunderstanding of the lay of the land as to your raising the issue that such production may contain privileged documents. To be crystal clear, **CarePoint does not waive privilege as to any document contained in Mandler's production**.

     You note that CarePoint has "declined" to assert privilege over documents in Mandler's production. CarePoint is wholly unable to review the production, thus you are completely aware is it impossible for CarePoint to conduct a privilege review. As you are aware, CarePoint is unable to review **any** inbound production until its outbound production is complete. Substantial completion is already achieved, with full completion to be complete this week other than one–off requests and, as you term them "go-get" requests.

     Notwithstanding this long-known patent impossibility, you now blindly demand that that CarePoint fully waive attorney-client privilege, 'or else.' It cannot be done. You are fully aware of the limitations preventing the review from taking place, as does the Court.

     CarePoint did not desire to stop Barnabas in its tracks and demand that the whole production be sequestered, but reserved its right to assert privilege as to any document contained in Mandler's production. As you stated in your letter, CarePoint also "want[s] to ensure that there is no misunderstanding among the parties." To that end, CarePoint will not claim that the failure to identify specific additional documents in the future by bates number violates Barnabas's obligations under the Protective Order. CarePoint, however, does reserve the right to assert privilege as to Barnabas' use of any privileged document in the case (for deposition, at trial, with experts, for internal case preparation, or otherwise), until CarePoint can conduct a privilege review of the Mandler production.

---

[1] The thirteenth letter sent to CarePoint regarding discovery issues since the conference with the Court in March.

#124245827v1

CarePoint, thus, confirms in writing that while Barnabas has no further obligation under Paragraph 13 of the Protective Order to provide any further notice to CarePoint with respect to any document in Mandler's production it uncovers that may be privileged, CarePoint does reserve the right to assert privilege as to any such document contained in the Mandler production until CarePoint is able to conduct a privilege review of such production.

Sincerely,
*/s/ Patrick M. Harrington*
Patrick M. Harrington, Esq.

124042582-1
#124245827v1