Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

William T. Walsh
212-969-3908
WWalsh@proskauer.com

November 4, 2024

*Via ECF*

Hon. Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse

Re:   *CarePoint Health Management Assocs. LLC. v. RWJ Barnabas Health Inc.*, 2:22-cv-05421-EP-CLW

Dear Judge Waldor:

      We write in response to CarePoint's second request to adjourn the November 7th conference. (ECF No. 145). CarePoint's prior request was appropriately rejected. (ECF No. 143). Its second request is based on its bankruptcy filing, but still fails to provide a basis for an adjournment of the status conference and oral argument on the pending motion to disqualify. It is apparent that CarePoint seeks to leverage the Bankruptcy Court's automatic stay of any claims *against* CarePoint to also support a stay in this matter. But the automatic stay does not apply given there are no claims against CarePoint in this case. Nor does CarePoint contend otherwise.

      As the debtor-in-possession, CarePoint management remains in control of this litigation. Again, CarePoint does not contend otherwise. As such, there is *still* no reason the hearing on a fully briefed motion, or this case generally, need be further delayed. If CarePoint believes this case is an asset with value, it should prosecute it. If not, it should drop it. Until the case is dismissed, either voluntarily or by Court order, Barnabas is entitled to a case that proceeds towards resolution. We have previously explained the prejudice to Barnabas of being subject to frivolous claims left in limbo. Accordingly, we respectfully ask that the conference on November 7th proceed as scheduled.

Respectfully submitted,

*/s/ William T. Walsh*