

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

William T. Walsh
212-969-3908
WWalsh@proskauer.com

December 26, 2024

*__Via ECF__*
Hon. Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse

       Re:    *CarePoint Health Management Assocs. LLC. v. RWJ Barnabas Health Inc.*,
             2:22-cv-05421-EP-CLW

Dear Judge Waldor:

      Barnabas writes regarding two pending discovery issues: (1) Barnabas's motion(s) to compel CarePoint to respond to Interrogatories 1, 2, and 3 (ECF 97, 113, 141); and (2) Barnabas's motion objecting to CarePoint's attempt to claw back nearly 60,000 documents produced by CarePoint Founder Jeffrey Mandler (ECF 142).

      ***Interrogatories***.  The first motion, regarding Barnabas's interrogatories, was fully briefed last May, prior to the start of the 45-day Financial Difficulty Stay.  When that stay ended in July, CarePoint, in an effort to moot the motion to compel, promised to provide a proposal to Barnabas for responding to the interrogatories.  But CarePoint never made any proposal, forcing Barnabas to again petition to Court for relief last August, and then again in October.  ECF 113, 141.

      Since then, the Court has rejected CarePoint's primary objections: (i) that it should not have to respond to discovery based on its (frivolous) disqualification motion; and (ii) that it should not have to respond because it filed for bankruptcy.  ECF 148, 152, 155.  As this Court explained in granting CarePoint's (unopposed) request to extend its deadline to appeal the disqualification motion, "except for [SCI discovery], discovery shall proceed in the ordinary course."  ECF 155. Following this order, Barnabas asked CarePoint when it intended to respond.  *See* Dec. 10, 2024 Ltr. to CarePoint (Ex. 1).

      With no legitimate objection to stand on, CarePoint now rehashes its relevance argument that it had long ago withdrawn or waived.[1]  It says it intends to "stand on [its] objections," namely that "information … regarding related-party transactions is not relevant and material to this case." *See* Dec. 17, 2024 Ltr. from CarePoint (Ex. 2).  But this Court has repeatedly rejected this argument

---

[1] CarePoint withdrew its relevance and burden objection to Interrogatory 1 in connection with the parties' meet and confer last April.  *See* April 10, 2024 Ltr. from CarePoint (agreeing to identify "all funds or payments made or executed by CarePoint to … the Founders….")  Ex. 3.  With respect to Interrogatories 2-3, CarePoint merely included the word "relevance" in a litany of conclusory objections.  *Id.*  It failed to rely on any relevance objection in opposing Barnabas's motion to compel.  *See* ECF 98.  As such, any relevance objection has been waived.

**Proskauer** »

time and again in every discovery context in which CarePoint, the Founders, Sequoia, or SCI have asserted it. It is a frivolous objection.[2]

It is time for CarePoint to respond to the Interrogatories, and to be bound forevermore by their answer or non-answer.

***Mandler Privilege Waiver***. The second motion (ECF 142) involves CarePoint's belated and inappropriate attempt to assert privilege over a vast swath of documents produced by Mandler. Barnabas filed the motion on October 31, 2024 noting that, among other things, CarePoint waived any privilege it may have had over Mandler's documents. CarePoint's only response was to seek a stay of discovery, which was denied. ECF 145, 149, 155. Since CarePoint has had almost two months to respond to this letter motion and has chosen not to do so, the Court should find any response waived, and accordingly, find that CarePoint has waived any privilege claim with respect to Mandler's documents.

Respectfully submitted,

/s/ *William T. Walsh*

---

[2] CarePoint says that, even though it won't respond to the Interrogatories, it will produce some documents that "likely" contain some information about the financial arrangements between CarePoint and the Founders. Ex. 2. But that is neither responsive to the Interrogatories, nor a sufficient answer. As an initial matter, CarePoint has neither asserted a Rule 33(d) response nor complied with its requirements. Moreover, CarePoint may not rely on Rule 33(d) to "avoid answers by imposing on [Barnabas] a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them." *In re G-I Holdings Inc.*, 218 F.R.D. 428, 438 (D.N.J. 2003). As explained in Barnabas's motion to compel, Barnabas's Interrogatories are necessary to identify information related to complex financial transactions critical to Barnabas's defense that is uniquely understood by and in the possession of CarePoint. ECF 97 at 2. Barnabas is not able to derive the requisite information sought by its Interrogatories simply by reviewing documents.