

Mark A. Schiavo
New Jersey Managing Partner

Patrick M. Harrington
pharrington@dilworthlaw.com

DIRECT DIAL NUMBER:
(856) 675-1900

June 4, 2025

VIA ECF

Hon. Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

      Re:    *CarePoint Health Systems, et al. v. RWJ Barnabas Health Inc.*,
             **Case No. 22-cv-05421 (D.N.J.)**

Dear Judge Waldor:

      I write in response to this Court's June 3, 2025 order [ECF 233]. The order resulted from oral argument on a privilege issue over the written objection of both CarePoint and the Litigation Trustee, who is undisputably the real party in interest in this matter. As Defendant argued to the Court in its recent filing "Carepoint… having transferred all right, title and interest in the claims against Barnabas to the Trust… is no longer a 'real party in interest'."[ECF 228]. The Court should reconsider and vacate the order because it is based on a clear violation of CarePoint's approved bankruptcy plan ("Plan"). As such, the order is clear legal error.

      The court proceeded with argument and decided Defendant's motion addressing whether the attorney-client privilege has been waived by CarePoint notwithstanding the fact that the Litigation Trustee under the Plan, now the real party in interest, has not yet retained counsel. The court rejected express requests to continue the hearing until the Litigation Trustee could retain counsel and appear at any hearing on the issue Defendants raised. The Litigation Trust submitted a certification supporting the request to adjourn the hearing.

      The court based its decision to proceed to hear and decide the motion on the premise advanced by Defendants that, notwithstanding the terms of the Plan, it is CarePoint, and not the Litigation trustee, that retains the right to, and ownership of, the attorney client privilege over CarePoint's documents. That premise is unequivocally wrong.

A Limited Liability Partnership Formed in Pennsylvania
Liberty View ○ 457 Haddonfield Road, Suite 700 ○ Cherry Hill, NJ 08002 ○ 856-675-1900 ○ Fax: 856-249-5098
Cherry Hill, NJ ○ Freehold, NJ ○ Harrisburg, PA ○ Philadelphia, PA ○ Princeton, NJ ○ New York, NY ○ Wilmington, DE
www.dilworthlaw.com

#125044560v2

Hon. Cathy L. Waldor, U.S.M.J.
U.S. District Court for the District of New Jersey
June 4, 2025
Page 2

The Plan provides that:

On the Effective Date, in connection with the transfer and assignment of the rights, claims, and Causes of Action that constitute Litigation Trust Assets to the Litigation Trust, **any attorney-client privilege, work-product doctrine, or other privilege or immunity attaching to any documents or communications (whether written, electronic, or oral) transferred to, or otherwise acquired by, the Litigation Trust pursuant to the terms of the Plan or otherwise shall vest in the Litigation Trustee and the representatives of the Litigation Trust**, and the Litigation Trustee shall be authorized to take any actions to the extent necessary to effectuate the transfer of such privilege and rights attendant thereto.

[ECF 142, Article X, §C]. (emphasis added.)

That is, under the Plan, the Litigation Trustee is now the owner of any privilege *and* is responsible "to take any actions to … effectuate the rights attendant thereto." It was a violation of the Plan, and the Injunction Provision set forth in Plan Article XIV(F) for the court to proceed as if CarePoint, and not the Litigation Trustee, owns any privilege, and that a hearing "effectuating" the rights to the privilege could occur in the absence of the Litigation Trustee.

Accordingly, depriving the Litigation Trustee – the holder of the privilege – the opportunity to be heard is a violation of the Plan and due process. The clear legal error requires this Court to vacate its order.

Respectfully,
*/s/ Patrick M. Harrington*
Patrick M. Harrington

#125044560v2