Proskauer Rose LLP | 11 Times Square | New York, NY 10026

William T. Walsh
212-969-3908
WWalsh@proskauer.com

December 8, 2025

*Via ECF*

Hon. Cari Fais, U.S.M.J.
U.S. District Court for the District of New Jersey

Re:   *CarePoint v. Barnabas,* 22-cv-05421 (D.N.J.)

Dear Judge Fais:

Barnabas respectfully requests that the Court unseal Barnabas's Brief in Support of its Motion for Leave to Amend (ECF 322), together with the proposed Amended Answer, Counterclaim, and Third-Party Complaint (ECF 322-1) and accompanying redline (ECF 322-2).

Under L. Civ. R. 5.3(c)(2)(i), the parties were required—within twenty-one days of the filing of sealed materials—to confer "in an effort to narrow or eliminate" any information that might properly remain under seal. Barnabas filed its sealed submissions on November 14, making Friday, December 5, the expiration of that twenty-one-day window. No party—including CarePoint—invoked Rule 5.3, sought a meet-and-confer, identified proposed redactions, or filed a sealing motion under Rule 5.3(c)(3). No third party, including HRH,[1] did so either. In fact, before the deadline, Barnabas provided tailored versions of its filings to every party and third party whose information appeared in them, specifically so each could determine whether to seek continued sealing. None did, and any right to confidentiality is therefore waived.[2]

For these reasons, Barnabas respectfully requests that the Court unseal Barnabas's Motion for Leave to Amend and the proposed Amended Answer, Counterclaim, and Third-Party Complaint, and direct the Clerk of the Court to lift all sealing restrictions on those filings.

Barnabas appreciates the Court's attention to this matter and remains available at the Court's convenience.

---

[1] The Complaint in the HRH Action mirrors Barnabas's proposed Counterclaim and Third-Party Complaint save for adjustments to reflect party status. HRH objected to unsealing the Complaint in the HRH Action, but that objection lacks merit. HRH claims it cannot assess whether sealing is appropriate without seeing the unredacted filings. But Barnabas provided HRH with a version unredacting HRH's material, and has not moved to seal any of it. And HRH also has no standing to seek continued sealing of material belonging to any other party (none of which have moved to seal either).

[2] Non-Party Horizon responded to Barnabas' inquiry by requesting that the amount of its settlement with CarePoint be redacted. Though Barnabas informed Horizon that it needed to file supporting papers with the Court, Barnabas agreed to make note of the request. So long as it does not prevent Barnabas from serving unredacted papers on HRH, Barnabas does not oppose the request. Mr. Modugno also requested that his name be redacted from the papers. Barnabas responded that his name also appears in the public version of the Complaint (as well as in sealed portions), and that Mr. Modugno would need to file supporting papers if he intended to seek such relief. Mr. Modugno has not responded since.



        Respectfully submitted,

        */s/ William T. Walsh, Jr.*

        *Counsel for RWJ Barnabas Health Inc.*