William T. Walsh, Jr.
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
(212) 969-3908
wwalsh@proskauer.com

*Attorney for RWJ Barnabas Health, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THE CAREPOINT LITIGATION TRUST,** | Civil Action No. 22-cv-05421-EP-CF |
| Plaintiff, | Hon. Evelyn Padin, USDJ |
| v. | Hon. Cari Fais, USMJ |
| **RWJ BARNABAS HEALTH, INC.,** | **Oral Argument Requested** |
| Defendant. | |

**BARNABAS'S REPLY TO ITS MOTION TO CONSOLIDATE**

## TABLE OF CONTENTS

I. INTRODUCTION. ...................................................................................................1

II. CAREPOINT CONCEDES CONSOLIDATION IS WARRANTED IF THE PROPOSED AMENDMENT IS GRANTED....................................3

III. CONSOLIDATION IS WARRANTED PENDING A DECISION ON THE MOTION TO AMEND. ...............................................................................5

IV. CONSOLIDATION IS WARRANTED EVEN IF THE PROPOSED AMENDMENT IS DENIED. ...........................................................................6

V. EFFICIENCY AND FAIRNESS FAVOR CONSOLIDATION. ..................12

    A. Consolidation Allows HRH To Be Heard on Issues Implicating Its Interests In this Case. ...................................................................12

    B. Consolidation Will Not Prejudice CarePoint. ....................................14

VI. CONCLUSION......................................................................................................15

# TABLE OF AUTHORITIES[*]

## Cases

*A.F.I.K. Holding SPRL v. Fass*,
  216 F.R.D. 567 (D.N.J. 2003)..................................................................................15

*Ass'n of New Jersey Rifle & Pistol Clubs v. Platkin*,
  2023 WL 1786167 (D.N.J. 2023) ...............................................................................5

*Benton v. Platkin*,
  2025 WL 1742692 (D.N.J. 2025) ...............................................................................2

*Citizens Bank, N.A. v. Mulye*,
  2024 WL 4913949 (D.N.J. 2024) ...............................................................................6

*City of Southfield Fire and Police Retirement Sys. v. Hayward Holdings, Inc.*,
  2023 WL 8752436 (D.N.J. 2023) ...............................................................................6

*Cole v. Daoud*,
  2016 WL 11410578 (E.D. Va. 2016) .......................................................................13

*Diehl v. Money Source, Inc.*,
  2018 WL 2994381 (S.D. Ala. 2018)..................................................................11, 12

*Hansa Med. Prods., Inc. v. Bivona, Inc.*,
  1987 WL 14496 (S.D. Ind. 1987) ...............................................................................4

*Pennsylvania Dental Ass'n v. Med. Serv. Ass'n of Pennsylvania*,
  574 F. Supp. 457 (M.D. Pa. 1983)..............................................................................4

*Tilted Kilt Franchise Operating, LLC v. 1220, LLC*,
  2016 WL 4063172 (N.D. Ill. 2016) .......................................................................4, 13

*Tracinda Corp. v. DaimlerChrysler AG*,
  2001 WL 849736 (D. Del. 2001).................................................................................10

---

[*] Unless otherwise noted, all emphasis added, capitalizations conformed, and internal citations and quotation marks omitted. "B. Br." refers to Barnabas's Motion to Consolidate (ECF 324); and "CP Br." refers to CarePoint's Opposition (ECF 343).

i

*Watkins-Fields v. SSS Educ., Inc.*,
   2024 WL 3200942 (D.N.J. 2024) ...........................................................................6

*Wells v. Rockefeller*,
   728 F.2d 209 (3d Cir. 1984) ................................................................................13

**RULES**

Fed. R. Civ. P. 12 .................................................................................................13, 15

Fed. R. Civ. P.13 ....................................................................................................3, 12

Fed. R. Civ. P. 15 .......................................................................................................13

Fed. R. Civ. P. 42 .........................................................................................1, 3, 8, 11

Fed. R. Civ. P. 42 ..................................................................................................3, 11

**OTHER AUTHORITIES**

Wright & Miller, 6 *Fed. Prac. & Proc. Civ.* § 1418 (3d ed.) ....................................4

I.      INTRODUCTION.

CarePoint's opposition to consolidation is premised on the singular notion that Barnabas's Proposed Amendment is not "live" and its one-to-one identity with the HRH Complaint doesn't matter. But CarePoint makes two fatal concessions. *First*, it concedes that the Proposed Amendments and HRH Complaint ***"are identical."*** If the Proposed Amendments are considered for purposes of consolidation, as they should be, that is dispositive. CarePoint cites no case denying consolidation of cases with identical claims arising from identical facts, and for good reason: Rule 42 was designed precisely to avoid such parallel proceedings.

*Second*, even putting aside the Proposed Amendment, the HRH Complaint involves the same nucleus of operative fact as CarePoint's own Complaint. At issue in both is the alleged conspiracy between HRH and Barnabas to interfere with CarePoint's sales process. CarePoint alleges the conspiracy existed; Barnabas claims it is a sham. The two could not be more inextricably intertwined. Even CarePoint concedes that "the [HRH] Lawsuit shares common questions of law and fact" with Barnabas's defense. That concession is also dispositive.

CarePoint points to no case denying consolidation of a claim and its parallel action alleging the claim is a sham. CarePoint's only response is to invent a new rule that, when considering consolidation, only facts relevant to "claims" and not "defenses" can be considered. That position is contrary to the plain text of Rule 42,

1

which applies to *any* factual or legal overlap between two "actions," not whether two "claims" are identical.

Here, the overlaps – and resulting efficiencies of consolidation – are numerous and manifest. In addition to whether CarePoint's allegations of an HRH/Barnabas conspiracy are true, both the CarePoint and HRH Complaints delve into the reasons for the CarePoint Debtors' financial troubles and HRH's role in pushing the CarePoint Debtors into bankruptcy. Both question whether the injunction CarePoint seeks to prevent Barnabas from freely doing business is helpful to competition (as CarePoint contends) or just helpful to HRH, CarePoint's controlling beneficiary (as Barnabas contends). And both turn on competing views about who truly holds monopoly power: is it CarePoint (now HRH), which operated the only emergency department in Bayonne for most of the relevant period and had three hospitals in Hudson County, or Barnabas, with just one? These questions arise out of the same nucleus of operative fact, should be subject to the same discovery and motion practice, and should be decided by a single jury.

In opposition, CarePoint ignores the governing standard. It does not dispute that the Court may consolidate two actions to further judicial efficiency where there is any common question of law or fact. *Benton v. Platkin*, 2025 WL 1742692, *2 (D.N.J. 2025) ("After all, the purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent

2

conflicting outcomes in cases involving similar legal and factual issues."). Instead, it slings mud, accusing Barnabas of "us[ing] a separate lawsuit and a purported Rule 42(a) consolidation to bunny-hop over the burden it must clear to add its Proposed Third-Party Complaint to this action." CP Br. 4. But the procedures Barnabas used are entirely proper, and they skip no burdens. Granting the Motion to Consolidate does not automatically grant the Motion to Amend. Instead, it brings two identical and overlapping cases together for efficient adjudication.

Making effective use of the Federal Rules of Civil Procedure is no basis to refuse consolidation. Barnabas has a claim against HRH and had every right to file a stand-alone complaint. At the same time, Rule 13 required Barnabas to file its affirmative compulsory counterclaim (and affirmative defenses) against CarePoint in this action. The only question here is whether those two actions should be heard together, a question properly raised via a Rule 42 motion to consolidate. Because the requirements of Rule 42 are met, the motion should be granted.

## II. CAREPOINT CONCEDES CONSOLIDATION IS WARRANTED IF THE PROPOSED AMENDMENT IS GRANTED.

CarePoint does not genuinely dispute that consolidation is warranted if the Proposed Amendment is granted. It concedes the claims are "*identical*" in the HRH Complaint and the Proposed Amendment. CP Br. 1, 6. CarePoint does not argue that keeping two identical suits on separate dockets furthers judicial efficiency, nor could it. That is dispositive of the Rule 42 inquiry.

3

Instead, CarePoint argues that "if the Court granted leave to amend, the [HRH] Lawsuit and … consolidation would serve no purpose." CP Br. 3. This is nonsense. There are no efficiencies in allowing two identical cases to proceed separately. Consolidation was tailor-made for this situation.[1] CarePoint offers no reason otherwise. Rather, it implicitly assumes that, if the Motion to Amend were granted, the HRH Complaint would just disappear. Not so. Granting the Motion to Amend does not automatically extinguish the HRH Complaint. The HRH Complaint would still live on, leaving two, identical, live cases. And while *res judicata* might eventually prevent Barnabas from obtaining two judgments on the same claim against HRH, that doctrine does not apply until there is a *judgment* in one of the cases. *See* Wright & Miller, 6 *Fed. Prac. & Proc. Civ.* § 1418 (3d ed.) ("preclusion becomes operative only upon the termination of an action and therefore can have no bearing on the second action…. [Rather] ***if both actions are pending before the same federal court, they can be consolidated***.").

For this reason, there is no merit to CarePoint's "serve no purpose" argument. Indeed, it is hard to fathom how these cases could proceed without consolidation.

---

[1] *See Pennsylvania Dental Ass'n v. Med. Serv. Ass'n of Pennsylvania*, 574 F. Supp. 457, 460 (M.D. Pa. 1983) (consolidating case after "Blue Shield commenced a separate action by complaint identical to its counterclaim"); *Hansa Med. Prods., Inc. v. Bivona, Inc.*, 1987 WL 14496, *2 (S.D. Ind. 1987) (consolidating cases where "Hansa's counterclaim in the Hammond Action is virtually identical to its complaint in the Indianapolis Action."); *Tilted Kilt Franchise Operating, LLC v. 1220, LLC*, 2016 WL 4063172, *7 (N.D. Ill. 2016) (granting consolidation where "the complaint before Judge Tharp is duplicative of the counterclaim filed by Defendants in the instant case.").

Without it, the parties would need to serve identical document requests, subpoenas, and deposition notices under two separate dockets, and litigate every discovery and legal issue twice.[2] In addition, without coordination, identical issues may end up arising at different times, effectively prejudicing the party in the suit where the issue first arises. The only way to avoid such prejudice and the tremendous waste of the parties' and the Court's resources is through consolidation.

### III. CONSOLIDATION IS WARRANTED PENDING A DECISION ON THE MOTION TO AMEND.

CarePoint's primary argument against consolidation is premised on the assumption that the Court will deny the Motion to Amend. But CarePoint jumps the gun. The Court has not yet decided the Motion to Amend. In the interim, consolidation keeps the cases moving. And because the cases can always be bifurcated later if needed, consolidation will not prejudice anyone, even if the Court denies the Motion to Amend.

By consolidating now, HRH will become a party in this case and be bound by the Confidentiality Order. That will allow Barnabas to serve the unredacted HRH complaint on it.[3] Far from causing prejudice, that will trigger HRH's response date,

---

[2] This is precisely the reason CarePoint's case – *Ass'n of New Jersey Rifle & Pistol Clubs v. Platkin*, 2023 WL 1786167, *3 (D.N.J. 2023) – granted consolidation: because "simultaneous production [of discovery] will improve efficiency and maximize judicial economy."

[3] Barnabas has several pending requests to serve the unredacted HRH Complaint, and HRH has already stipulated to a response date once it is served. ECF 332, 342; *see also HRH Action*, ECF 15, 19, 20.

giving HRH the opportunity to fully brief many of the same issues CarePoint raises regarding futility in its opposition to the Motion to Amend. Indeed, as Barnabas has repeatedly made clear – and CarePoint does not dispute – a primary reason for filing a stand-alone HRH Complaint was precisely to serve HRH so it could participate in briefing on issues that directly implicate its interests.

In addition, consolidation will facilitate the coordination of discovery between the two actions. HRH will want access to the CarePoint Action's discovery record, and both actions will need to be supplemented to address events since 2022, given CarePoint's injunctive relief claim and common issues such as the Trust's standing.[4] Ironically, CarePoint bemoans the additional discovery implicated by Barnabas's claims (which, given Barnabas's defenses, would be required regardless of how the Court decides the Motion to Amend), but it seeks to prevent the very procedural mechanism – consolidation – that would facilitate it.

### IV. CONSOLIDATION IS WARRANTED EVEN IF THE PROPOSED AMENDMENT IS DENIED.

CarePoint argues that consolidation is not warranted because the Proposed

---

[4] *See Citizens Bank, N.A. v. Mulye*, 2024 WL 4913949, *3 (D.N.J. 2024) ("Plaintiff will likely rely on the same witnesses and documents to prosecute its claims, an additional fact which further supports consolidation."); *City of Southfield Fire and Police Retirement Sys. v. Hayward Holdings, Inc.*, 2023 WL 8752436, *2 (D.N.J. 2023) (consolidation is appropriate when "discovery obtained in one lawsuit will undoubtedly be relevant to the other and common questions of law and fact will predominate ...."); *Watkins-Fields v. SSS Educ., Inc.*, 2024 WL 3200942, *2 (D.N.J. 2024) (granting consolidation where "discovery and dispositive motion practice likely will involve many of the same witnesses and documents").

6

Amendment is not yet "live." But CarePoint cites no authority for the proposition that a court should ignore a proposed pleading when deciding whether to consolidate. Courts often consolidate cases at the pleading stage. There is no difference between (i) consolidating two cases before deciding motions to dismiss; and (ii) consolidating cases where one is subject to a motion to dismiss and the other a nearly identical motion to amend.

But even ignoring the Proposed Amendment, consolidation is still warranted, as this and the HRH actions share a common nucleus of operative fact. CarePoint's own Complaint alleges that HRH is a co-conspirator and that:

- "RWJ colluded with others including Moshe, HRH and Eisenreich in an effort to close down Bayonne Medical."

- "HRH and its principals … were intimately involved with Eisenreich and Manigan in efforts to advance RWJ's goals including controlling the real estate under the Hospitals, decimating CarePoint financially, and poaching CarePoint doctors."

- "Eisenreich, RWJ, Moshe and HRH Interfere with the Potential BMC Acquisition to Attempt to Bankrupt CarePoint."

- "HRH's real motivation in making hollow offers to CarePoint that knowingly did not meet CarePoint's requirements, and then to sabotage BMC's acquisition of Bayonne Medical through an 11th hour land transaction with Eisenreich, was pure greed to own the market for same day surgery in Hudson County."

- "The plan was for HRH, in collusion with Eisenreich and RWJ – and now with control of the land – to feign interest in the hospital and delay closing so that Bayonne Medical would become insolvent and be forced to close."

- "RWJ and its conspirators including … HRH, Moshe, and Kifaieh have engaged in underhanded, self-serving, anti-competitive and improper actions for their own benefit and to damage CarePoint and the public."[5]

These are the *same* allegations at issue in the HRH Complaint. The truth or falsity of these allegations will be at issue regardless of which Complaint contains them.

It is preposterous to think that a sham litigation claim and the underlying alleged sham litigation itself are not inextricably linked. Indeed, the potential for inconsistent judgments is significant. Without consolidation, one jury might find that a conspiracy existed, while the other could find that the same conspiracy allegation was a sham.[6] That problem disappears if the cases are consolidated.

Nor is there merit to CarePoint's argument that differences between CarePoint's Complaint and the HRH Complaint preclude consolidation. Rule 42 only requires that the two actions "involve *a* common question of law or fact." The use of the word "a" – singular – was not a mistake. The Rule does not require a complete identity.

CarePoint also overstates the differences between the cases. The chart in its opposition is incomplete and highly misleading because it omits CarePoint's own

---

[5] TAC ¶¶ 21, 19 n.2, 104, 115, 116, 149; *see also* HRH Complaint ¶ 106 (*quoting* TAC). This is not a mere "handful of common issues," as CarePoint argues.

[6] CarePoint argues that because the two cases are before the same Judges, inconsistent rulings are not a concern. But the Court should only have to make its rulings once, not twice in two separate dockets. And the concern of inconsistent *judgments* applies equally to the risk of inconsistent jury verdicts. CarePoint does not address this concern.

8

allegations relating to HRH and the alleged HRH-Barnabas conspiracy, which is also the subject of the HRH Complaint. For instance, CarePoint does not list HRH as an alleged conspirator in this case, even though its Complaint specifically alleges that "RWJ and its conspirators including, without limitation, **HRH**, … have engaged in underhanded, self-serving, anti-competitive and improper actions." *Compare* CP Br. 8 (listing only MPT and Horizon); *with* ECF 27 ¶ 149.[7]  This is no oversight. That CarePoint is now trying to sweep its central conspiracy allegation under the rug is part and parcel of what has made its litigation conduct a sham.

Similarly, CarePoint says its Complaint and the HRH Complaint involve different conduct because the CarePoint Complaint involves HRH's efforts to "mak[e] it impossible for CarePoint to sell its distressed hospitals." CP Br. 9. But CarePoint ignores that the HRH Complaint deals with the ***continuation*** of those same efforts, including the ultimate transfer of the hospitals to HRH and the acquisition of the proceeds from this lawsuit. HRH Cmplt. ¶¶ 109-127. Similarly, CarePoint's attempt to reframe the "relevant time periods" for the two cases is misleading. Both cases involve allegations from CarePoint's founding in 2010 to the present. That CarePoint now wants to characterize the "key" period in the two suits differently does not make it so.

---

[7] In contrast, CarePoint's Opposition to Barnabas's Motion to Dismiss mentioned HRH over eighteen times. ECF 29.

CarePoint also argues these cases involve different causes of action, though both assert Sherman Act claims. CP Br. 8-9. While CarePoint argues its Complaint involves different alleged monopolists, it does not. CarePoint alleged that Barnabas is a monopolist over GAC services in Hudson County. *See, e.g.*, TAC ¶¶ 64, 153. Barnabas responded – including in its Motion to Dismiss and its original Answer – that CarePoint is the monopolist and could not have suffered antitrust injury. ECF 28-1 at 3 ("Barnabas Breaks Bayonne [Hospital's] Monopoly."); ECF 71 ¶ 16 ("Barnabas opened SED in Bayonne to provide a better, lower cost alternative to **CarePoint's** monopoly."). Thus, the Sherman Act claims in both the CarePoint and HRH actions concern the same question of what the correct market is, and who possesses monopoly power in it. In any event, a mere additional claim or theory does not defeat consolidation. *See Tracinda Corp. v. DaimlerChrysler AG*, 2001 WL 849736, *2 (D. Del. 2001) (the "mere pursuit of a different legal theory or a different claim" is insufficient to defeat consolidation).

CarePoint tries to sidestep the factual overlaps by recharacterizing all this as just "defenses." CP Br. 14. They are not. They are relevant facts that will be admissible at trial regardless of how the Court rules on the Motion to Amend.[8] For

---

[8] Many of the "affirmative" defenses that CarePoint challenges are actually just "defenses," or negations of fact on elements that CarePoint bears the burden of proving. As such, they will remain in the case regardless of whether the Court grants or denies the Motion to Amend. For example, the plaintiff – "The CarePoint Litigation Trust" – bears the burden of proving antitrust injury and standing, so all the facts relating to how it came to acquire the rights to the CarePoint Debtors'

example, the HRH Complaint explains that CarePoint's financial travails were due to the Founders' own efforts to extract every last penny from the system and leave it for dead. HRH Cmplt. ¶¶ 42-55. To the extent the sales process did not deliver the desired result for the CarePoint Debtors, that was due to the Founders' continued greed and its refusal to work out an arrangement with CarePoint's landlords, *including HRH*. These are the same facts echoed throughout Barnabas's Original Answer. *See, e.g.*, ECF 71 ¶¶ 50, 61 ("Bayonne Medical Center's monopoly position as the sole provider of emergency services merely enriched the CarePoint Founders, who inappropriately extracted cash or value from CarePoint's hospital" and then "converted [the system] to a non-profit after the CarePoint Founders had stripped the hospitals of sufficient operating funds."). Thus, regardless of whether one characterizes these facts as "defense-oriented" or just relevant facts, they are clearly admissible at trial in both the CarePoint and HRH actions.

Moreover, nothing in Rule 42 says that questions of law or fact arising from defenses don't count. Of course they do. Rule 42(a) permits consolidation if the "*actions* before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). CarePoint's argument that consolidation is unwarranted if the overlap goes to a "defense" in the first action is thus inconsistent with the plain text of the Rule. Nor does CarePoint cite any case to the contrary. It cites only *Diehl v. Money*

---

claims are relevant and admissible at trial in the CarePoint Complaint.

11

*Source, Inc.,* 2018 WL 2994381 (S.D. Ala. 2018), which had nothing to do with any distinction between facts relevant to "claims" and "defenses." Rather, the court denied consolidation because one case was "ready for trial" while the other had not yet begun discovery, and there were only "limited commonalities between the two cases." *Id*., at *2, 6. Neither is true here.

Finally, CarePoint ignores the fact that Barnabas's affirmative defenses, including unclean hands and *in pari delicto*, are part of the CarePoint case *regardless* of whether the Court grants the Proposed Amendment. As CarePoint has already noted, Barnabas has timely raised these defenses on summary judgment. If the Court denies summary judgment because there are genuine issues of disputed fact, then those defenses will go to trial. CarePoint offers no reason why there should be two trials on the same facts and issues.

### V.     EFFICIENCY AND FAIRNESS FAVOR CONSOLIDATION.

#### A.     *Consolidation Allows HRH To Be Heard on Issues Implicating Its Interests In this Case.*

CarePoint accuses Barnabas of "manipulat[ing] the Federal Rules … to get the result it wants," but tellingly does not (and cannot) claim that Barnabas has violated any rule. CP Br. 3. The Federal Rules *require* a defendant to file, as a compulsory counterclaim, a claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13. Nor does CarePoint deny that Barnabas filed its motion to add the new affirmative

12

defenses and third-party claims by the deadline fixed by the Court. So the Motion to Amend was entirely proper. Similarly, the Federal Rules do ***not*** recognize anything called a "compulsory" third-party claim. As such, Barnabas had every right to file an identical, separate litigation against HRH, which did not require leave. CarePoint does not deny this either. Nor is this an uncommon practice.[9]

    Instead, CarePoint maligns Barnabas's motive. But Barnabas has been transparent from the start. It seeks to progress the cases and to allow HRH the opportunity to weigh in on issues that implicate its interests. CarePoint does not dispute that consolidation would accomplish that goal. Nor does it dispute that adjudicating those interests in a single consolidated case is more efficient. CarePoint and HRH are already asserting overlapping arguments in response to Barnabas's claims, including that the CarePoint Bankruptcy Plan immunizes their scheme to engage in sham litigation in this case. *Compare* ECF 344 at 17; with *HRH*, ECF 14 at 4. This too is a reason for consolidation.

    Nor is there any "bunny hop" over procedural requirements. CP Br. 4. Consolidation does not avoid the requirements of Rule 15 for amendment, or of Rule

---

[9] *See, e.g., Tilted Kilt*, 2016 WL 4063172, at *3, 7 (granting consolidation where defendants filed both a counterclaim and a separate affirmative complaint asserting "the exact same causes of action."); *Cole v. Daoud*, 2016 WL 11410578, *10 (E.D. Va. 2016) (identical complaint and counterclaim consolidated); *Wells v. Rockefeller*, 728 F.2d 209, 214 (3d Cir. 1984) (noting "when action assertable as counterclaim is brought in same court as other claim, both actions can be consolidated") (citing Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1418).

12 for stating a claim. Both CarePoint and HRH will make those arguments, and consolidation does not deprive either of the opportunity to do so. What it does is allow those overlapping arguments to be made in the same case so they can be efficiently addressed by this Court.[10]

### B.     *Consolidation Will Not Prejudice CarePoint.*

CarePoint lastly recycles its prejudice arguments against the Proposed Amendments: expense, delay, and confusion. These fail for the same reasons they fail to overcome Barnabas's right to assert its claim. A validly asserted claim may cost some money and time to defend. It is no reason to deny efficient consolidation.

Nor is there merit to CarePoint's argument that consolidation will cause delay. Just the opposite, for the reasons discussed above. CarePoint's only response is that the HRH Complaint names six HRH entities as defendants. That is wrong or misleading for several reasons. *First*, HRH's organizational structure is irrelevant. These six entities are all part of the same corporate family and are represented by the same counsel. *Second*, these entities will also be part of the CarePoint Action if the Proposed Amendment were granted, so consolidation would not add any new parties. *Third*, contrary to CarePoint's assertion, HRH is not a "stranger" to these

---

[10] CarePoint criticizes Barnabas for filing suit against HRH, "such that, if Barnabas's Motion for Leave to Amend is denied, Barnabas can still litigate against HRH." CP Br. 18-19. But it is no criticism that Barnabas timely filed suit against HRH. Nor was Barnabas required to "have waited to file to see if its Motion for Leave to Amend would be granted," *see id.*, since Barnabas did not need leave to file a stand-alone suit against HRH.

14

proceedings. It participated in discovery as a third party, and it *controls* all decisions CarePoint has made in this litigation since the substitution.

Finally, CarePoint says there will be undue delay because depositions have started in this case. *Id.* While CarePoint claims the cases are at "radically different procedural postures," (CP Br. 21), it cannot dispute that the HRH Complaint and Proposed Amendment stand in the same procedural status. Even if the Court were to ignore that, as CarePoint does, CarePoint misrepresents the state of this litigation. Only two non-party depositions have been taken, and there has been no deposition for two months. That is because CarePoint refuses to allow any deposition to proceed until its appeal of the Mandler Privilege Waiver Order is resolved.

Finally, any prejudice or confusion is outweighed by the risk of inconsistent adjudications and duplicative expenses. *See A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003) ("in the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate"). Efficiency favors consolidation, rather than pursuing the same discovery, and the same dispositive motions, in two separate actions. Any modicum of additional time necessary to litigate these cases together cannot outweigh the efficiencies of doing so.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant the motion to consolidate.

| | |
|---|---|
| Dated: December 29, 2025 | Respectfully submitted, |

*/s/ William T. Walsh, Jr.*
William T. Walsh, Jr.
David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
wwalsh@proskauer.com
dmunkittrick@proskauer.com

Colin R. Kass*
Erica T. Jones*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004
(202) 416-6800
rblaney@proskauer.com
ckass@proskauer.com
ejones@proskauer.com

*Attorneys for Defendant RWJ Barnabas Health, Inc.*

\* *Admitted Pro Hac Vice*

16