**StradleyRonon**

**Andrew Hamelsky**
**Terence A. Jones**

tjones@stradley.com
ahamelsky@stradley.com

Stradley Ronon Stevens & Young, LLP
The Legal Center, One Riverfront Plaza
1037 Raymond Blvd, Suite 920
Newark, NJ 07102-0301
Telephone 862.682.7253

www.stradley.com

January 12, 2026

**VIA ECF**

Hon. Evelyn Padin, USDJ
Hon. Cari Fais, USMJ
United States District Court – District of New Jersey

> Re:  *Barnabas v. NHMHMC LLC, et al.*, 25-cv-17594 (D.N.J.)
> *CarePoint v. Barnabas*, 22-cv-05421 (D.N.J.)
>
> *Nonparty Horizon Blue Cross Blue Shield of New Jersey's Request to Maintain Document Under Seal or, Alternatively, to Redact Confidential Settlement Amount; Request for Fees and Costs*

Dear Judge Padin and Judge Fais:

    We represent Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), a nonparty to the above-captioned litigation. We write in response to RWJ Barnabas Health Inc. ("Barnabas") letter replying to HRH opposition to consolidate. Specifically, we respectfully request that the Court maintain under seal the document filed by Barnabas containing our client's confidential settlement amount, or, in the alternative, order that the settlement amount be redacted from the public filing. We additionally seek attorneys' fees and costs associated with bringing this application, as CarePoint Health Management Associates LLC ("CarePoint") or their agent disclosed the settlement amount without notifying our client—despite being contractually required to do so under the nondisclosure provision of the governing settlement agreement.

    Barnabas's Brief in Support of its Motion to Amend its Answer, Affirmative Defenses, and Counterclaim; as well as its Proposed Amended Answer, Affirmative Defenses, and Counterclaim were filed under seal. Within those sealed documents Barnabas obtained a confidential settlement agreement that contained the settlement amount between Horizon and CarePoint. Barnabas seeks to reveal that amount in public filings despite our request not to do so. As such, please allow this letter to serve as our request to maintain these documents under seal or, alternatively, to redact the confidential settlement amount.

    **I.**    **The Settlement Amount Is Confidential and Was Never Publicly Disclosed.**

    The settlement reached between Horizon and CarePoint was expressly subject to a confidentiality and nondisclosure provision. Specifically, the Settlement Agreement expressly states, "The Parties understand that the terms and conditions of the Agreement are absolute and

Hon. Evelyn Padin & Cari Fais
January 12, 2026
Page 2

forever confidential." It goes on to state, "[t]he Parties further represent and warrant that neither they nor their attorneys will directly or indirectly disclose to or discuss with any third party, entity or person the terms of this Agreement, including but not limited to, the amount of settlement." Finally, the confidentiality clause makes clear that the parties to the agreement may disclose the terms of the Agreement "as otherwise required by applicable law, subpoena or Court order **after providing the other Party with reasonable notice in writing and an opportunity to oppose any such legal process.**"

CarePoint did not provide said notice before the document was produced. In fact, CarePoint did not provide notice to Horizon once it realized, or should have realized, that the information was provided to Barnabas, in direct contravention of the Settlement Agreement. As a result, confidential nonparty financial information—never intended for public dissemination—was disclosed without authorization or an opportunity to oppose.

Prior to this breach of the settlement agreement, the settlement amount had never been disclosed. Currently the documents are under seal and thus still unavailable to the public, as was intended when contracting the settlement. For this reason, we ask for the document to remain sealed, or in the alternative for the settlement amount to be redacted.

## II. A Nonparty's Private Financial Information Is Not Relevant and Thus Warrants Sealing or Redaction.

Federal Rule of Civil Procedure 26(b)(2)(C) vests this District Court with the authority to limit a party's pursuit of otherwise discoverable information when the burden of a discovery request is likely to outweigh the benefits. Upon a finding of good cause, this Court may issue a protective order for the purposes of "protect[ing] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). See also, Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (holding that the District Court is best situated to determine what factors are relevant to the dispute but its analysis should always reflect a balancing of private versus public interests).

Factors indicating good cause for the need of a protective order to seal the document or redact the settlement amount include:

- The strong privacy interest of a nonparty whose financial information is at issue.
- The existence of a binding confidentiality clause, reflecting the parties' clear expectation of nondisclosure.
- The lack of relevance of the settlement amount to the public's understanding of the judicial process, as the figure itself is not necessary for adjudication of the claims.
- The risk of harm to our client's contractual, business, and strategic interests if its private settlement terms are made public.

Hon. Evelyn Padin & Cari Fais
January 12, 2026
Page 3

- The minimal public interest in disclosure of a private settlement figure unrelated to governmental decision-making.

Certainly, the need to protect a nonparty's private and confidential financial information greatly outweighs any possible probative value in letting such information be released to the public. This is particularly true since Horizon is not a party to this litigation and thus never had an ability to control or anticipate disclosure. As such, Horizon requests that the documents remain sealed or, at a minimum, a Court ordered redaction of the settlement amount.

### III. Request for Attorneys' Fees and Costs

Finally, Horizon was forced to incur attorneys' fees and costs to address this improper disclosure. The settlement agreement required advance notice before any disclosure so that our client may object or seek relief. CarePoint's failure to provide such notice is a breach of that obligation and directly caused the need for this letter by an attorney.

Accordingly, we respectfully request that the Court award reasonable attorneys' fees and costs associated with preparing and filing this application.

### IV. Conclusion

For the foregoing reasons, we respectfully request that the Court: (1) Maintain the subject documents under seal or order the filing of a redacted version of all documents that require removal of the confidential settlement amount; and (2) Award attorneys' fees and costs incurred in connection with this application.

We thank the Court for its attention to this matter and are prepared to provide any additional information the Court may require, including submitting the governing settlement agreement for in camera review.

Respectfully submitted,

Andrew Hamelsky, Esq.
Terence A. Jones, Esq.