# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE CAREPOINT LITIGATION TRUST<br><br>Plaintiffs,<br><br>v.<br><br>RWJ BARNABAS HEALTH, INC.,<br><br>Defendant. | Hon. Evelyn Padin, U.S.D.J.<br><br>Hon. Cari Fais, U.S.M.J.<br><br>Civil Action No.<br>2:22-cv-05421-EP-CF<br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of Plaintiff the CarePoint Litigation Trust's ("CarePoint") Motion to Seal ECF Nos. 341-1 and 341-2 (the "Motion"); and

The Court having fully considered the submissions of the parties, and having determined that CarePoint has failed to satisfy the requirements of Local Civil Rule 5.3, and for good cause shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **DENIED without prejudice**.

2. CarePoint shall have seven (7) days from the entry of this Order to file a Motion to Seal that complies with Local Civil Rule 5.3(c).

3. The Clerk is directed to maintain the temporary seal of ECF Nos. 341-1 and 341-2 pending further Order from the Court.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. CarePoint moved pursuant to Local Civil Rule 5.3 to seal Ex. A (ECF 34-1) and Ex. B (ECF 341-2) to its letter response filed at ECF No. 341, which were submitted to the Court in connection with a dispute over whether certain pleadings in this action should be unsealed.

2.  There is a strong common law presumption of public access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). That presumption may be overcome only upon a showing that disclosure will result in a clearly defined and serious injury, supported by specific factual findings. L. Civ. R. 5.3(c)(2).

3.  CarePoint has not demonstrated that ECF Nos. 341-1 or 341-2 contain information of the type that qualifies for sealing in this District, such as trade secrets, confidential research, development, or commercial information, the disclosure of which could result in specific competitive harm. *See Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2010 WL 2710566, at *5 (D.N.J. July 7, 2010).

4.  CarePoint's reliance on the Confidentiality Order entered in this case does not provide a basis for sealing judicial records. The Confidentiality Order does not override the standards governing public access to court filings. *See* L. Civ. R. 5.3(b)(3); ECF No. 73 ¶ 10. *Accord Onyx Enters. Canada Inc. v. Royzenshteyn*, No. 23-2913, 2024 WL 3952048, at *3 (D.N.J. Aug. 27, 2024) (noting the "bare reliance on the . . . confidentiality and non-disclosure agreements, are not sufficient bases by themselves to seal these materials."); *Carmichael v. Thompson*, No. 14-3323, 2023 WL 1883347, at *14 (D.N.J. Feb. 10, 2023) (noting "[t]he fact that a record has been marked confidential for discovery purposes does not itself mandate sealing."); *Zungoli v. United Parcel Serv.*, No. 07-2194, 2009 WL 10728562, at *2 (D.N.J. Feb. 3, 2009) ("As a threshold matter, this Court notes that, although these documents were exchanged in reliance on the Discovery Confidentiality Order, the parties' agreement to keep documents confidential does not control whether these same documents should be sealed pursuant to Local Civil Rule 5.3(c).").

5.  CarePoint has not shown how unsealing ECF Nos. 341-1 and 341-2 would cause it any clearly defined and serious injury that would warrant overriding the presumption of public access.

6.  For all of the foregoing reasons, CarePoint has not rebutted the presumption of public access, and the Motion is denied.

**IT IS SO ORDERED:**

s/ *Cari Fais*                                      Dated: January 15, 2026
Hon. Cari Fais, U.S.M.J.

2