| | |
|---|---|
| THE CAREPOINT LITIGATION TRUST, | Hon. Evelyn Padin, U.S.D.J |
| Plaintiff, | Hon. Cari Fais, U.S.M.J. |
| v. | Civil Action No. 2:22-cv-05421-EP-CF |
| RWJ BARNABAS HEALTH, INC., | |
| Defendant. | Motion Date: February 17, 2026 |

## OPPOSED MOTION TO SEAL

The CarePoint Litigation Trust files this Motion to Seal ECF 350, which was filed by the Trust and Barnabas on January 5, 2026, and would respectfully show the Court as follows:

The background for this Motion arises out of the ongoing dispute concerning the Trust's ability to assert privilege over certain documents produced by third-party Jeffrey Mandler. As the Court will recall, prior Magistrate Judge Waldor previously held that privilege had been waived as to the Mandler documents, and the Trust has appealed that ruling. [*See* ECF 302] (the "Appeal"). That appeal is fully briefed and pending before Judge Padin.

On January 5, 2026, the Trust and Barnabas filed a joint letter [ECF 350] to address a discovery dispute regarding whether documents subject to the Appeal could be used in depositions. At the status conference conducted by the Court on January 15, 2026, the Court held that depositions as to which the parties intended to

use Mandler documents subject to the Appeal as exhibits should be held in abeyance until after Judge Padin ruled on the Appeal. Counsel for the Trust also clearly understood from the Court's directions, that until Judge Padin's ruling on the Appeal, the Parties should refrain from seeking rulings on privilege waiver arguments.

In connection with submitting the joint letter filed at ECF 350, Barnabas discussed and referenced numerous quotes, summaries, and descriptions of documents produced in this litigation that contain sensitive, confidential attorney-client communications and attorney work product. The documents quoted, summarized, and described within ECF 350 were either clawed-back by the Trust on December 10, 2025 pursuant to the Discovery Confidentiality Order [ECF 73] or are subject to the Appeal.

Although there is a common law presumption of a public right of access to judicial proceedings and records, *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), "[t]he right of public access, however, is not absolute and the presumption of access may be rebutted." *Cuadra v. Univision Commc'ns, Inc.*, 2012 WL 1150833, at *11 (D.N.J. Apr. 4, 2012). As this Court has stated: "Protection of the attorney-client privilege, and by extension attorney work-product, is . . . a compelling reason to seal affected materials." *Argush v. LPL Financial, LLC*, Nos. 13-cv-7821, 14-cv-955, 14-cv-956, 2016 WL 11663241 (D.N.J. Dec. 7, 2016); *Krivulka v. Lerner*, 20-

cv-9724, 2024 WL 4318735, at *3 (D.N.J. Sept. 27, 2024) ("[S]ealing is also warranted insofar as the documents or portions thereof concern attorney-client communications between Defendants and their now-deceased client Joseph Krivulka in connection with Defendants' joint estate planning representation and insofar as the documents contain attorney work product.")

Under the Local Rules, the sealing party must articulate "the clearly defined and serious injury that would result if the relief sought is not granted[.]" L. Civ. R. 5.3(c)(3)(c). Assertions of waiver are irrelevant whether a document subject to a claim or privilege should be sealed. As prior Magistrate Judge Waldor has noted: "[i]t is well-settled that disclosure of communications protected by the attorney-client privilege constitutes a serious injury for which the sealing of Court records is an appropriate remedy" even when the opposing party claims the privilege at issue is waived. *United States ex rel. Salomon v. Wolff*, No. 2:17-cv-05456, 2022 WL 17327214, at *3 (D.N.J. Mar. 14, 2022)(Waldor, J.) (granting motion to seal and finding non-movant's waiver argument "inapposite to the present motion, which "ultimately requires satisfaction of the factors set forth in Local Civil Rule 5.3(c)(3), which are distinct from those underlying the question of waiver of the attorney-client privilege[.]").

Here, the Trust seeks to seal ECF 350 because it attaches and discusses confidential information found in documents that are subject to an existing claim of privilege by the Trust.

## CONCLUSION

For these reasons, the Trust respectfully requests that the Court grant the Motion.

Dated: January 20, 2026

Respectfully submitted,

By: /s/*Robert M. Hirsh*
Robert M. Hirsh
New Jersey Bar No. 018901998
robert.hirsh@nortonrosefulbright.com
Dewey J. Gonsoulin III*
Texas Bar No. 24131337.
New York Bar No. 6168660
dewey.gonsoulin@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3060
Facsimile: (212) 318-3400

Michael A. Swartzendruber*
Texas Bar No. 19557702
michael.swartzendruber@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8067
Facsimile: (214) 855-8200

Darryl W. Anderson*
Texas Bar No. 24008694
darryl.anderson@nortonrosefulbright.com
Joshua H. Bucheister*
Texas Bar No. 24145029
joshua.bucheister@nortonrosefulbright.com
Kate Ergenbright*
Texas Bar No. 24097660
kate.ergenbright@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, Texas 77010-4106
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

*Attorneys for The CarePoint Litigation Trust*

*Admitted *pro hac vice*