# EXHIBIT 1

*The CarePoint Litigation Trust v. RWJ Barnabas Health, Inc.*, No. 2:22-cv-5421-EP-CF

**Index to Motion to Seal**

| **Documents Requested to be Sealed** |
|---|---|---|---|---|---|
| **Material** | **Basis for Sealing: The Legitimate Private or Public Interest Which Warrants the Relief Sought** | **Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted** | **Why a Less Restrictive Alternative is Not Available** | **Prior Sealing** | **Party in Opposition to Sealing, if any, and Basis** |
| *See* Appendix A | The statements identified in Appendix A quote, paraphrase, summarize, and describe documents and information that are subject to a pending claim of privilege by the Trust. The redacted statements in ECF 350 are | Maintaining the statements identified in Appendix A under seal is necessary to preserve the Trust's pending claim of privilege over those documents, and the issues that those documents bear on. Unsealing | The Trust has proposed a lesser restrictive alternative by redacting only the statements within ECF 350 (*see* Appendix A) that quote, paraphrase, summarize, and/or describe documents and information that are subject to a | None | Barnabas objects to sealing because CarePoint has not – and cannot – establish a "clearly defined and serious" injury from disclosure.<br><br>As explained in more detail in its Opposition Brief, the mere assertion of privilege is not sufficient to establish a "clearly defined and serious" injury under Rule 5.3, |

| | | | | | |
|---|---|---|---|---|---|
| | quoting, paraphrasing, summarizing, and describing documents either produced by the Trust's predecessor, CarePoint, and third-party Lou Modugno, that were clawed-back by the Trust under the Discovery Confidentiality Order [ECF 73] on December 10, 2025, or that are subject to the Appeal. | of this information would risk waiving the Trust's claim of privilege over those documents and any related issues those documents bear on. Additionally, Unsealing the statements identified in Appendix A would risk mooting the Trust's Appeal, as well as the Trust's December 10, 2025, claw-back of documents produced by CarePoint and | pending claim of privilege either by way of the Trust's December 10, 2025 clawback, or the Trust's Appeal. The remainder of the document contains non-confidential information that can be publicly disclosed. | | where the ***information has already been disclosed to the adverse party***. In such cases, the disclosing party must show *additional* harm resulting from *further* public disclosures. CarePoint has not done so.<br><br>Even if CarePoint could establish such injury, however, its redactions are significantly overbroad. CarePoint seeks to seal information that is already on the public record (***and that was already ordered unsealed***) as well as high-level descriptions of the type that would appear on a basic privilege log. As such, if the court intends to |

| | | | | |
|---|---|---|---|---|
| | | third-party Lou Modugno. | | seal anything, it should be limited to the redactions in Exhibit 1 to Barnabas's Opposition. |

**Appendix A to Exhibit 1**

The below list contains the quotes, summaries, and descriptions within ECF 350 that the Trust seeks to seal.

**Page 11:**

- From the first word in the second full paragraph through the last word in the last full paragraph.

- The parenthetical descriptions of the exhibits cited in footnote 20.

**Page 12**

- From after the word "communication" in the first full paragraph to the word before the citation to ECF 95 at 4 in the block quotation.

- From after the word "no" through the end of the sentence in the second full paragraph.

- The second and third sentences of the third full paragraph.

- After the word "using" to the end of the sentence in footnote 26.

**Page 13:**

- From after the phrase "characterization of the" through the end of the sentence in the first partial paragraph.

- The entirety of the block quote after the first full paragraph.

- After the word "response" through the end of the sentence in the second full paragraph.

- The entirety of the third full paragraph.

- From after the word "as" to the word before "and" in the last sentence of the fourth full paragraph.

**Page 14:**

- The entirety of the first full paragraph.

- In the second full paragraph, from after the word "a" through the rest of the paragraph.

- In the third paragraph, from after the word "CarePoint's" in the first sentence through the rest of the first sentence.

- In the third paragraph, from after the word "directing" in the second sentence through the rest of that sentence.

- In the fifth paragraph, after the word "revealing" in the first sentence to the end of the second sentence.

**Page 15:**

- In the first paragraph, after the word "addressing" in the first sentence through the rest of the first sentence.

- In the first paragraph, after the word "summarize" in the second sentence through the rest of the paragraph.

- In the third paragraph, after the word " about" in the second sentence through the third sentence.

- In footnote 36, after the word "offer" through the end of the sentence.

- In footnote 38, after the word "asserts" in the first sentence through the end of that sentence.

- In footnote 38, after the word "described" in the second sentence through the end of that sentence.

- In footnote 38, from after the word "discussing" in the third sentence through the end of that sentence, which carries over onto page 16.