William T. Walsh
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
(212) 969-3908
wwalsh@proskauer.com

*Attorney for RWJ Barnabas Health, Inc.*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THE CAREPOINT LITIGATION TRUST**, | |
| | 22-cv-05421-EP-CF |
| Plaintiff, | Hon. Evelyn Padin, USDJ |
| v. | Hon. Cari Fais, USMJ |
| **RWJ BARNABAS HEALTH, INC.**, | |
| Defendant. | |

**BARNABAS'S OPPOSITION TO CAREPOINT'S
<u>MOTION TO SEAL ECF NO. 350</u>**

## **TABLE OF CONTENTS**

I.  CAREPOINT DOES NOT SATISFY RULE 5.3 FOR SEALING FILINGS THAT CITE PRODUCED DOCUMENTS .................................................................................. 1

II.  CAREPOINT'S PROPOSED REDACTIONS ARE OVERBROAD ................................. 4

III.  CONCLUSION ........................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Argush v. LPL Fin., LLC*,
   2016 WL 11663241 (D.N.J. 2016) .................................................................................2

*Gambale v. Deutsche Bank AG*,
   377 F.3d 133 (2d Cir. 2004) ............................................................................................5

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
   924 F.3d 662 (3d Cir. 2019) ........................................................................................1, 6

*In re Cendant Corp.*,
   260 F.3d 183 (3d Cir. 2001) ............................................................................................1

*Krivulka v. Lerner*,
   2024 WL 4318735 (D.N.J. 2024) ...................................................................................2

*Metro. Transp. Auth. v. Duffy*,
   782 F. Supp. 3d 193 (S.D.N.Y. 2025) ....................................................................2, 3, 5

*Mohawk Indus., Inc. v. Carpenter*,
   558 U.S. 100 (2009) .....................................................................................................2, 3

*Newman v. Gen. Motors Corp.*,
   2008 WL 5451019 (D.N.J. 2008) ................................................................................1, 4

*Securimetrics, Inc. v. Iridian Techs., Inc.*,
   2006 WL 827889 (D.N.J. 2006) ..............................................................................1, 2, 4

*U.S. v. Oce, N.V.*,
   577 F. Supp. 2d 169 (D.D.C. 2008) ................................................................................3

**OTHER AUTHORITIES**

L. Civ. R. 5.3(c) ....................................................................................................................1, 4

FRE 502(a) ................................................................................................................................3

Barnabas believes that the Joint Mandler Letter (ECF 350) does not need to be sealed. But if the Court does believe that certain portions should be sealed, it should be limited to those Barnabas proposes in Exhibit 1.[1]

## I. CAREPOINT DOES NOT SATISFY RULE 5.3 FOR SEALING FILINGS THAT CITE PRODUCED DOCUMENTS.

Under Local Rule 5.3, the only information in a public court filing that can be sealed is information for which the sealing party has sufficiently demonstrated a "clearly defined and serious injury." L. Civ. R. 5.3(c)(2); *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 676 (3d Cir. 2019) ("the common law right of access begins with a thumb on the scale in favor of openness—the strong presumption of public access").

Courts in this district reject the argument that the mere assertion that a document may be privileged warrants sealing without a showing of any injury resulting from the disclosure. *Newman v. Gen. Motors Corp.*, 2008 WL 5451019, *7 (D.N.J. 2008) (documents remain unsealed as "general allusions to disclosure of its litigation strategy and reputational harm based on the risk of public miscomprehension of the materials—are not sufficient to trump the interest in open

---

[1] Barnabas files this opposition and the accompanying sealed exhibit separately because CarePoint declined to include Barnabas's proposed redactions in a joint submission or to permit submission under seal as part of their sealing motion. Barnabas files the exhibit under seal solely so the Court may review its alternative proposed redactions in connection with the pending sealing dispute.

public access"); *Securimetrics, Inc. v. Iridian Techs., Inc.*, 2006 WL 827889, *6 (D.N.J. 2006) (unsealing purported privileged documents that were produced to a litigation adversary; "the issue here is not whether Iridian has asserted privilege as a means to preclude its adversary from obtaining or using the information at issue. Rather, the issue on the current motion to seal is whether the information that has already been revealed to Securimetrics should also be revealed to the public. ***The present inquiry is not coextensive with the privilege inquiry****….*").

Barnabas, of course, recognizes that *one* form of injury that may result from the unsealing of privileged information is that privileged information is disclosed to others, which destroys the sanctity of the confidence and – if voluntary – may result in a broader subject matter waiver. But those interests are ***not*** at issue here because the information has *already been disclosed* to Barnabas—CarePoint's litigation adversary.[2]

Put simply, the sanctity of the confidence has already been breached by CarePoint itself. *See Metro. Transp. Auth. v. Duffy*, 782 F. Supp. 3d 193, 200

---

[2] CarePoint's citations are inapposite precisely because, ***unlike here***, the information had not been disclosed to the ***adverse*** party and/or the information was commercially sensitive. For example, in *Krivulka v. Lerner*, 2024 WL 4318735, *3 (D.N.J. 2024), the dispute involved a legal malpractice claim in which adversity did not exist at the time of disclosure, so further "public disclosure of such material would ***negate the attorney-client privilege***." Similarly, in *Argush v. LPL Fin., LLC*, 2016 WL 11663241, *3 (D.N.J. 2016), "public disclosure of Defendants' Confidential Information would not only ***break attorney-client privilege***, but also pose a substantial risk of harm to its legitimate proprietary interests and ***competitive position***."

(S.D.N.Y. 2025) ("interest in receiving the advice in confidence already has been fatally compromised. 'The *ex ante* incentives for full and frank consultations between clients and counsel' are not compromised by permitting public access to a document that has already been disclosed…") (*quoting Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009)).

Since CarePoint has already disclosed the document, that leaves the waiver issue. But waiver is both factually and legally independent of the sealing decision. Factually, CarePoint's disclosure of the documents to Barnabas was voluntary, so the waiver has already been *a fait accompli* long before the parties filed the Joint Mandler Letter. And even if (contrary to fact) there had been no predicate waiver, the unsealing of the Joint Mandler Letter would not effectuate a waiver because CarePoint did not cite these documents in the Joint Mandler Letter—Barnabas did. *See U.S. v. Oce, N.V.*, 577 F. Supp. 2d 169, 175 (D.D.C. 2008) (unsealing purportedly privileged documents; and distinguishing cases where disclosing party acted voluntarily from cases involving court-compelled disclosure).

In any event, waiver (and the scope of the waiver) is a legal issue. If the Court decides that CarePoint has not waived privilege, then the remedy is simply that the document should not be used further in the litigation. *See Metro. Transp. Auth.*, 782 F. Supp. 3d at 203 ("The Letter shall be unsealed, but it shall remain privileged such that Plaintiffs and Intervenors may not use it in this litigation."). Similarly, if the

3

Court concludes that CarePoint did waive privilege, it can decide the *scope* of the waiver under FRE 502(a) without regard to whether the information was sealed or unsealed.

It is precisely because the sealing issue and the privilege issue are independent that – when, as here, a document has already been produced to the litigation adversary – sealing is only available if disclosure would work a clearly defined and serious injury on CarePoint independent of any future privilege ruling. *See Securimetrics*, 2006 WL 827889 at *3; *Newman*, 2008 WL 5451019, at *5 ("GM offers no authority (and the Court can find none) supporting the argument that the discovery privilege for work product supersedes the inquiry the Court must perform under the different context governed by Local Rule 5.3(c)."). CarePoint does not attempt to make this showing. Its sealing motion should, therefore, be denied in its entirety.

## II. CAREPOINT'S PROPOSED REDACTIONS ARE OVERBROAD.

Even if the mere (belated) assertion of privilege over a produced document sufficed to satisfy Rule 5.3, CarePoint's proposed privilege redactions are significantly overbroad. This is for at least three reasons.

*First*, CarePoint seeks to seal a document (Mandler0347948) that has been on the public record now for almost **two years**, and that has been cited publicly in numerous court filings since then. *See* ECF Nos. 95, 142, 314. Indeed, CarePoint

4

already litigated and *lost* whether this document should be unsealed. *See* ECF No. 183 (Order Unsealing ECF Nos. 90, 95, 130, and 142).

The fact that Barnabas cited the same public document in the Joint Mandler Letter does not resurrect CarePoint's sealing argument. *See Metro. Transp. Auth.*, 782 F. Supp. 3d at 198 ("Numerous courts have … recogniz[ed] the impossibility of 'mak[ing] private that which has already become public'"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2d Cir. 2004) ("once the genie is out of the bottle… [the Court] ha[s] not the means to put the genie back.").

*Second*, CarePoint seeks to seal a document (CP_Modugno_0066503) that was quoted in the Proposed Amended Answer, Counterclaim, and Third-Party Complaint (ECF No. 323-1). That is, this document appears not just in a motion challenging CarePoint's privilege claims, it is also quoted in the operative (proposed) pleading, for which the public's interest is at its highest. This Court has already denied (without prejudice) CarePoint's attempt to seal this document (ECF 355), and it has failed to present any basis for sealing what is a 12-year-old document relating to the Founders' financial machinations. Its disclosure can work no injury.

*Third*, CarePoint's proposed redactions are overbroad because it seeks to seal broad *topics* rather than actual advice. Most of the references to the documents in the Joint Mandler Letter are summary descriptions of the type that would ordinarily appear on a privilege log. In most cases, the Joint Mandler Letter simply identifies

5

the general topic on which legal advice was sought or provided, without revealing the specific request or the content of the advice. Indeed, Barnabas submitted the actual documents *in camera* precisely so the Court could review the source document rather than rely on Barnabas's descriptions. Certainly, information that would appear on a privilege log is not itself privileged, nor would its disclosure result in a clearly defined and serious injury.

CarePoint might be embarrassed, for example, that it had legal discussions about various strategies, but the *fact* that it had those discussions – as distinct from the legal advice itself – is not privileged. Nor is embarrassment a cognizable form of injury that justifies sealing. *In re Avandia*, 924 F.3d at 676 ("concern about a company's public image, embarrassment, or reputational injury, without more, is insufficient to rebut the presumption of public access.").

### III. CONCLUSION.

Because CarePoint has failed to demonstrate any clearly defined and serious injury from public disclosure, its Motion to Seal ECF No. 350 should be denied. To the extent the Court nonetheless believes that any information should be sealed, it should be limited to the information in Exhibit 1.

Dated: January 20, 2026                                             Respectfully Submitted,

                                                                                        */s/ William T. Walsh*
                                                                                        William T. Walsh

David A. Munkittrick*
PROSKAUER ROSE LLP
Eleven Times Square New York, NY 10036
(212) 969-3000
wwalsh@proskauer.com
dmunkittrick@proskauer.com

Colin R. Kass*
Erica T. Jones*
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6800
ckass@proskauer.com
ejones@proskauer.com

*Attorneys for Defendant RWJ Barnabas Health, Inc.*

*Admitted Pro Hac Vice