

Proskauer Rose LLP | 11 Times Square | New York, NY 10026

William T. Walsh
212-969-3908
WWalsh@proskauer.com

June 25, 2026

**_Via ECF_**

Hon. Cari Fais, U.S.M.J.
U.S. District Court for the District of New Jersey

> Re:    *The CarePoint Litigation Trust v. Barnabas,* 22-cv-05421 (D.N.J.)
> *Impact of the Mandler Waiver Decision on the ECF 390 Motions*

Dear Judge Fais:

Pursuant to ECF 390, Barnabas writes to address the impact of the Affirmance of the Mandler Waiver Decision (ECF 394) on the administratively-terminated, but fully-briefed motions filed at ECF 321, 324, 357, 360, 363 and 385 (collectively, the "ECF 390 Motions").

Judge Padin found that CarePoint waived privilege because it permitted Barnabas to review and use the Mandler document production after being placed on notice that it contained privileged information. In the Court's view, the "extent to which the cat has been let out of the bag here – 60,000 documents, which have been integrated into Barnabas's defense – was too great to overlook," given that "CarePoint allowed Barnabas to review the entire Mandler Production, waited four months before asserting a privilege log [and] had not litigated the clawback issue or sought judicial intervention." ECF 394 at 20-21. That ruling resolves any objections concerning Barnabas's use of those documents and obviates CarePoint's privilege-related objections to the ECF 390 motions. Accordingly, Barnabas requests that these motions be reinstated.

### A.    *ECF 321 – Barnabas's Motion to Amend Its Answer*

In ECF 321 and 322, Barnabas moved to amend its Answer to assert several additional affirmative defenses, counterclaims, and third-party claims against HRH (the "Proposed Amendment"). The motion to amend was brought under Rule 15, which provides that leave to amend is to be "freely given." In its opposition, CarePoint argued only that Barnabas's amendment was either too late or futile. ECF 344. Because the Waiver Decision does not bear on either issue, Judge Padin's affirmance has no impact on the merits of the motion to amend.

To the extent the Waiver Decision has any effect, it favors Barnabas. The Proposed Amendment's factual recitation cites seven Mandler Waiver documents. Since the Court has now definitively ruled that CarePoint waived privilege over those documents, they may be freely cited and there is no need to amend the Proposed Amendment to excise references to them.

The Proposed Amendment also cites one document that remains subject to a pending claw-back dispute. *See* ECF 381. Specifically, Paragraph 51 cites a document that was produced to CarePoint by its counsel, Louis Modugno, and then re-produced by CarePoint to Barnabas in December 2024. *See* ECF 322-1. When CarePoint received the Proposed Amendment, citing the document, it did not seek to seal it, strike references to it, attempt to claw it back, or otherwise

prevent its use. It has now waived its right to seek any such sealing.[1] Moreover for reasons explained in ECF 381, CarePoint also waived privilege over that document, a point that is bolstered by the Waiver Decision, since CarePoint engaged in the same course of conduct for this document as it did for the Mandler documents.

Put simply, Barnabas's Motion to Amend (ECF 321/322) should be reinstated because it does not turn on any privilege dispute, and because CarePoint's privilege objections to the use of seven Mandler waiver documents have now overruled and its remaining privilege objection to the Modugno document has been waived multiple times over.

### B.    ECF 324 – Barnabas's Motion to Consolidate Cases.

In ECF 324, Barnabas moved to consolidate the related HRH case (25-cv-17594) with this case. Barnabas's complaint in the *HRH* case is virtually identical to the third-party claims asserted in its Proposed Amendment. For reasons just explained, the Court's Waiver Decision also has no bearing on the Motion to Consolidate. Indeed, that motion is simply a procedural – not substantive – device, designed to bring two clearly-related cases, assigned to the same judges, within a common docket.

In opposing the motion to consolidate, CarePoint did not assert that the parties' privilege disputes precluded consolidation. *See* ECF 343. It only argued that this case should focus only on CarePoint's affirmative claims, rather than the counterclaims and third-party claims Barnabas has asserted in its Proposed Amendment and the related HRH suit.

Nor is consolidation precluded just because HRH will become a "party" in this case, with access to the discovery record under the Protective Order. Again, CarePoint did not oppose consolidation on this basis, and given that HRH is the controlling member of the Trust, any such objection would lack merit. Moreover, the Confidentiality Order already requires all such documents to be maintained on an outside counsel's eyes-only basis and provides specific procedures for handling claw-back requests. ECF 73. Importantly, CarePoint has cited no case where consolidation was denied just because the record in one case will be made available to the parties in a related case pursuant to the Court's governing Confidentiality Order. Moreover, even if CarePoint had argued otherwise, the Mandler Waiver Decision would have mooted it. The Waiver Decision has formally overruled the vast majority of CarePoint's claw-back requests, and the Court's findings concerning CarePoint's course of conduct apply equally to both Mandler Documents and the Modugno claw-back documents. As such, the Consolidation Motion should be reinstated.

---

[1] Barnabas provisionally filed the Proposed Amendment under seal. After the 14-day deadline for CarePoint to request continued sealing expired, Barnabas sought to unseal it so it could serve the pleading on HRH. ECF 332. In response, the Court provided CarePoint with an opportunity to move to seal the Proposed Amendment despite failing to do so by the initial deadline. ECF 335. CarePoint then sought to seal the Proposed Amendment based on an argument that the Confidentiality Order would be violated if the pleading was to be made public. ECF 341. After the Court rejected CarePoint's argument that the Confidentiality Order alone justified sealing, it gave CarePoint another opportunity to renew its sealing motion. ECF 361. CarePoint failed to do so. Barnabas thereafter renewed its request to unseal the Proposed Amendment. ECF 362. That motion remains pending.

### C.      ECF 357 – CarePoint's Motion to Seal the Mandler Letter.

In ECF 357, CarePoint moved to seal the documents Barnabas cited in its portion of a joint letter (ECF 350) relating to the use of the Mandler Waiver Documents at deposition.  At the January 15, 2026 status conference, the Court entered a protective order prohibiting the use of the documents pending resolution of Mandler Waiver Appeal.  The Court's Mandler Waiver Decision has now ended the stay of those depositions.

The joint letter at ECF 350, however, spawned several additional motions and joint letters (including ECF 357, 381, 385, and 387) stemming from Barnabas's citation to several Mandler and non-Mandler documents.  In ECF 357, CarePoint sought to seal the underlying motion because documents cited "within ECF 350 were either clawed-back … or subject to the [Mandler] Appeal." ECF 357-1 at 2.  The Court's Waiver Decision obviates CarePoint's sealing request as to the latter.

That leaves only the non-Mandler documents, which are the subject of the pending claw-back motion at ECF 381.  But because CarePoint engaged in the same course of conduct for both the Mandler and non-Mandler documents, the Court's finding that such conduct waived privilege applies to both.

As such, CarePoint's claw-back request should be overruled, which would also obviate the need to seal any portion of underlying motion.[2]

### D.      ECF 360 – Barnabas's Motion to Amend the Confidentiality Order.

In ECF 360, Barnabas moved to amend the Confidentiality Order in this Action and to enter a similar Confidentiality Order in the *HRH* Action.  As Barnabas explained, one reason for this was to facilitate service of the unredacted HRH Complaint on HRH if the two cases are not consolidated.[3]  In opposing the motion, CarePoint objected to providing any discovery materials to HRH (despite that HRH controls CarePoint and is its largest beneficiary, and any documents would be produced on an outside counsel's eyes only basis).  ECF 364.  But it did not contend that the provisions relating to privilege or claw-back were insufficient to protect its interests.  Nor did it ground its opposition on the Mandler Waiver issue or the claw-back disputes.  For this reason, the Mandler Waiver Decision has no bearing on Barnabas's motion to amend the confidentiality order, and thus, that motion should be reinstated.

### E.      ECF 363 – CarePoint's Motion to Seal Alternative Proposed Redactions

In ECF 363, CarePoint moved to seal Barnabas's more limited proposed redactions to the Joint Mandler Waiver Letter.  The same principles that apply to ECF 357 apply here.

---

[2] As Barnabas also explained in its opposition, the assertion of privilege does not, by itself, justify sealing because the *further* disclosure in filings of a document that has already been disclosed (even if inadvertently) does not add to waiver, and thus, does not cause a further concrete injury.  *See* ECF 358 at 3 (citing *U.S. v. Oce, N.V.*, 577 F. Supp. 2d 169, 175 (D.D.C. 2008)).  Thus, the motion to seal should be denied even if the claw-back dispute remains pending.

[3] If the cases are consolidated, the existing Confidentiality Order would govern both, and there would be no need for two confidentiality orders, with provisions in each to facilitate discovery coordination between them.

**Proskauer** »

### F.    *ECF 385 – CarePoint's Motion to Seal the First Claw-back Letter*

In ECF 385, CarePoint moved to seal the parties' joint letter concerning CarePoint's first claw-back requests (ECF 381).  Just like ECF 357, the Mandler Waiver Decision moots the portion of the ECF 385 motion that relates to the Mandler documents and effectively resolves the portion of the motion that relates to the disputed non-Mandler claw-back documents.

### G.    *Additional Related Pending Motions*

ECF 390 asks the parties only to address the impact of the Mandler Waiver Decision on the specified motions above.  There are, however, two other pending or anticipated motions that concern similar issues, which we address for completeness.

**ECF 381**.  ECF 381 concerns CarePoint's first claw-back request.  In connection with preparing a joint letter concerning the Mandler deposition dispute (ECF 350), Barnabas cited 33 documents that concerned the same subject matter as the Mandler Waiver documents, but were produced by CarePoint either from its own files or from the files of its counsel, Louis Modugno. After Barnabas provided CarePoint with a draft of the letter – and CarePoint saw how these documents were being used against it – it sent Barnabas a claw-back request.  After Barnabas objected to the claw-back notice, the parties agreed that Barnabas could continue to cite those documents in the ECF 350 motion while they separately litigated the claw-back notice.

The ECF 381 motion remains pending, but it is effectively resolved by the Mandler Waiver Decision.  That motion describes the history relating to both the Modugno and CarePoint custodial files.  In a nutshell, CarePoint engaged in the same course of conduct that led this Court to find waiver over the Mandler documents.  The CarePoint custodial documents were produced over two years ago, without any privilege assertion.  After Barnabas notified CarePoint that the production contained privileged information, CarePoint continued to allow Barnabas to review and use those documents for over a year, and failed to assert privilege, claw-back any documents, or seek judicial intervention.  Similarly, Barnabas notified CarePoint that the production contained privileged information in July 2025.  For over four months, CarePoint declined to address the issue, despite several follow-up requests and Barnabas's repeated assertion of waiver.  In both instances, CarePoint took steps to claw-back the documents only after Barnabas had affirmatively used them against CarePoint.  That strategic use of privilege as sword and shield further supports waiver.

**ECF 387.**  The parties' privilege dispute over the CarePoint and Modugno documents are not limited to the 33 claw-back documents at issue in ECF 381.  Barnabas believes that CarePoint's course of conduct – and the sheer magnitude of the privilege waiver – supports a finding that CarePoint engaged in a broad subject matter waiver.  Prior to the January 15, 2015 status conference, the parties engaged in a meet and confer over this issue, and had begun the process of preparing a joint letter to raise this dispute.  In preparing its portion of the letter, Barnabas cited 500 produced privilege documents as a *sample* of the types of privileged documents that appeared in the CarePoint and Modugno collections.[4]  In response, CarePoint served a claw-back notice for every one of those 500 documents, continuing the practice CarePoint employed for the 33 documents cited in the ECF 350 motion.  This led to another joint letter where Barnabas challenged

---

[4] At the status conference, the court indicated that the parties should wait to bring up any new issues that may be affected by the Mandler Waiver Appeal until after the appeal's resolution.  As such, the parties have not yet finalized the joint letter.  Barnabas intends to proceed with finalizing that letter promptly.

CarePoint's improper second claw-back notice. ECF 387. This dispute remains pending and raises similar issues to ECF 381.

### H.    Anticipated Related Motions

There are several additional joint letters that have not yet been filed that concern disputes that may be impacted by the Mandler Waiver Decision. The parties have reached impasse on these issues, but have not filed any motions yet, in part because of the pendency of the Mandler Waiver Appeal.

*Subject Matter Waiver*. As noted above, Barnabas believes that CarePoint has engaged in a broad subject matter privilege waiver. The parties exchanged drafts of this joint letter, but, following this Court's guidance at the January 15, 2026 status conference, held it in abeyance pending resolution of the appeal. Barnabas intends to work with CarePoint to finalize and promptly file this motion.

*The 27,000 "Non-Responsive" Modugno Documents*. As noted above, CarePoint's lawyer and consultant, Louis Modugno produced his documents to CarePoint about two years ago. CarePoint agreed to review those documents for privilege and produce the remainder within two weeks. It ultimately did not meet that deadline, but it eventually conducted the review, produced some documents, and withheld about 60,000 documents for which it produced a computer-generated metadata log. In addition to putting CarePoint on notice that the production contained privileged information (*see above*), Barnabas also challenged the sufficiency of the log. For months, CarePoint did nothing. But it eventually served a new log, from which it removed 27,000 documents from the log, based on its view that the documents a third party produced are "non-responsive." Nothing, however, permits a party to make a responsiveness determination over third-party produced documents. As such, CarePoint was obligated to either produce these documents or assert privilege over them. Since CarePoint has done neither, Barnabas seeks an order compelling their production. But since this too concerns privilege issues, the parties have not yet finalized or filed this motion.

\*    \*    \*

For the foregoing reasons, Barnabas request that ECF 390 motions be reinstated, and that the Court: (1) grant Barnabas's motion to amend the Complaint; (2) grant Barnabas' motion to amend the Confidentiality Order; (3) grant Barnabas's Motion to Consolidate; (4) deny the Sealing Motions; (5) deny CarePoint's first claw-back request; (6) deny CarePoint's second claw-back request; and (7) set an orderly process for adjudicating Barnabas's subject-matter-waiver dispute and the Modugno-log dispute now that the Mandler Waiver Appeal has been resolved.[5]

Respectfully submitted,

/s/ *William T.Walsh, Jr.*

---

[5] We note that, per ECF 380, the parties were to submit a proposed scheduling order after resolution of ECF 321 and 324 (as well resolution of CarePoint's Appeal of the Mandler Waiver Order). Given these motions were terminated, Barnabas proposes that the parties meet and confer over a schedule after resolution of those motions (if reinstated).