## NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States of America

Direct line +1 212 318 3060
robert.hirsh@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400

**VIA ECF**

Hon. Cari Fais, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

Re:  ***The CarePoint Litigation Trust v. RWJ Barnabas Health, Inc.,*** **Case No. 22-cv-05421 (D.N.J.)—Letter on Impact of the Court's Privilege Order on ECFs 321, 324, 357, 360, 363, and 385**

Dear Judge Fais:

Pursuant to this Court's order [ECF 390], the CarePoint Litigation Trust (the "Trust") submits this letter regarding the impact of Judge Padin's recent privilege ruling [ECF 394, the "Privilege Order"] on various pending motions.  After careful review of Judge Padin's opinion, the Trust believes that the Privilege Order impacts the pending motions in the following ways:

1. **The Privilege Order Was Expressly Limited to the Documents Voluntarily Produced to Barnabas by Mr. Mandler.**

As a threshold matter, the Trust believes that it is critical to distinguish between the precise findings the Privilege Order affirmed and the myriad other privilege disputes Barnabas has raised in the past months.  On June 18, 2026, this Court affirmed Judge Waldor's June 3, 2025 order finding that CarePoint waived privilege over the documents produced by third party Jeffrey Mandler.  In an opinion accompanying the order [ECF 393], Judge Padin made it abundantly clear that the Privilege Order was limited to the documents produced by Mr. Mandler on March 27, 2024 (the "Mandler Production").  This was "[t]he key substantive issue" resolved by the Privilege Order.  *Id.* at 18.

Judge Padin (like Judge Waldor previously) "rooted" the ruling in the fact that "CarePoint allowed Barnabas to review the entire Mandler Production, waited four months before asserting a privilege log of over 60,000 documents, and in the time between then and her decision, had not litigated the clawback issue or sought judicial intervention."  *Id.* at 21; *see also id.* at 24 n.20.  Thus, the opinion did not address any of the privilege issues related to any other productions.  And the unique facts that the Court relied on in reaching its decision on the Mandler Production are inapplicable to the other outstanding privilege disputes.  As a result, and as described in the following sections, the Privilege Order has no impact on the pending motions except to the extent they raise issues specific to the Mandler Production.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

NORTON ROSE FULBRIGHT

**2.  The Privilege Order Does Not Impact Barnabas's Motion for Leave to Amend**

The Privilege Order facially has no bearing on Barnabas's Motion for Leave to Amend its Answer, Affirmative Defenses, and Counterclaim [ECF 321] because that motion does not implicate the Mandler Production in any way.  In the Motion for Leave to Amend, Barnabas sought this Court's permission to file amended pleadings alleging that, as a result of CarePoint's 2024 bankruptcy, the Trust's lawsuit had become, among other things, a sham litigation and an impermissible action for contribution by third party HRH.  [ECF 322, 322-1].  The Privilege Order does not impact this motion because the question presented in the motion is not remotely related to the Mandler Production, but rather to whether allowing Barnabas to amend its pleadings is futile, prejudices the Trust, evinces a dilatory motive, or is the product of bad faith or undue delay.  [ECF 344].

While Barnabas's proposed amended pleadings do quote, paraphrase, summarize, and/or describe documents from the Mandler Production that are now affirmed as not privileged, *see, e.g.* [ECF 322-1 ¶¶52, 62, 63, 67], those documents have nothing to do with the CarePoint bankruptcy or how it purportedly somehow changed the nature or merits of the claims in this case to a sham or otherwise (it did not).  The resolution of the Motion for Leave to Amend does not turn on (nor is it affected by) whether or not those documents are privileged.  The Trust stands on its prior briefing, and the Court should deny the Motion for Leave to Amend for the reasons previously articulated.

**3.  The Privilege Order Does Not Impact Barnabas's Motion to Consolidate**

The Privilege Order also does not impact Barnabas's Motion to Consolidate.  [ECF 324].  In its Motion to Consolidate, Barnabas asks the Court to consolidate its contemporaneously-filed separate lawsuit against HRH (*Barnabas v. NHMHMC, Inc. d/b/a Hudson Regional Hospital, et al.*, No. 25-cv-17594 (D.N.J.)) with this long-pending case based on the fact that the complaint against HRH is virtually identical to the proposed amended pleading Barnabas has sought leave to file in this proceeding.  The Privilege Order has no bearing on the procedurally-driven relief Barnabas has requested in its Motion to Consolidate, which the Court should deny for the reasons articulated in the Trust's prior briefing.[1]

**4.  The Privilege Order Does Not Impact Barnabas's Motion to Amend the Discovery Confidentiality Order**

The Privilege Order also does not impact the Motion to Amend the Discovery Confidentiality Order ("DCO") [ECF 357].  The Court will recall that Barnabas has asked for an amendment that would somehow simply deem all documents produced in this lawsuit as produced in Barnabas's new, separately filed lawsuit against HRH, and vice versa.  But neither Barnabas's apparent rationale for, nor the Trust's many reasons for opposing Barnabas's proposed amendment to the DCO has anything to do with whether the documents from the Mandler Production no longer remain privileged; they do not, but that does not make them simultaneously produced or usable in a separate lawsuit.  Notwithstanding the Privilege Order, the Motion to Amend the DCO is still, among other things, premature, given that neither the Motion for Leave to Amend nor the Motion

---

[1] Based on the docket notation made on November 17, 2025, the Trust understands that the Motion to Consolidate is pending before Judge Padin at this time.

NORTON ROSE FULBRIGHT

to Consolidate has been adjudicated.  Thus, the Court should deny the Motion to Amend for the reasons articulated in the Trust's prior briefing.

**5.   The Privilege Order Has a Limited Impact on the Trust's Motion to Seal the Joint Mandler Letter**

The Privilege Order does have a limited impact on ECF 357, the Trust's Motion to Seal the joint letter that Barnabas and the Trust filed on January 5, 2026, to address a discovery dispute regarding whether documents in the Mandler Production, which was then subject to the appeal of Judge Waldor's June 3, 2025 privilege order, could be used in depositions (the "Joint Mandler Letter").

In the Joint Mandler Letter, Barnabas cited, quoted from, paraphrased, and attached 60+ exhibits. Some of those exhibits were documents over which the Trust asserted privilege that were subject to the pending appeal of Judge Waldor's June 3, 2025 order.  Others, however, were not.  These others included privileged documents that were inadvertently produced by the Trust's predecessor, CarePoint, or third-party Lou Modugno.  Promptly after receiving notice that these privileged communications had been produced, the Trust clawed them back.  On January 20, 2026, the Trust moved to seal the Joint Mandler Letter and, in particular, asked that portions of the letter quoting from, paraphrasing, summarizing, and/or describing (then) privileged documents from the Mandler Production, and privileged documents produced by CarePoint or Mr. Modugno, be redacted.

Given that the Court has now affirmed Judge Waldor's order deeming privilege waived over the Mandler Production, the Trust no longer asserts that sealing is required as to the Mandler documents that Judge Padin deemed not privileged.  But sealing remains required as to the other privileged documents (produced by CarePoint and Mr. Modugno) that Barnabas attached to that filing.  So that the Court can identify the portions of the Joint Mandler Letter that remain live disputes for sealing, the Trust attaches hereto as Exhibit A a revised version of the index to the Trust's motion, filed at ECF 357–3, which is identical to ECF 357–3 except that it does not seek to seal portions of the Joint Mandler Letter that quote, paraphrase, summarize, and/or describe documents from the Mandler Production.  Exhibit B is a revised version of the redacted Joint Mandler Letter, filed at ECF 357–4, which is identical to ECF 357–4 except that it does not redact the portions of the letter that quote, paraphrase, summarize, and/or describe documents from the Mandler Production.

For the avoidance of doubt, the Trust's request to seal portions of the Joint Mandler Letter that quote, paraphrase, summarize, and/or describe 33 privileged documents that were inadvertently produced by ***CarePoint*** or ***Mr. Modugno*** are not impacted by the Privilege Order for the simple reason that the Privilege Order did not address those privilege claims and the rationale for waiver as to the ***Mandler*** Production is not applicable to those documents, as explained above.  This Court has not found that CarePoint waived privilege over documents produced by either CarePoint or Mr. Modugno.  The 33 documents still should be sealed because they remain subject to a live claim of privilege.  Consistent with Paragraph 13 of the DCO, the Trust sought to claw them back on December 10, 2025.  Barnabas has disputed the Trust's assertion of privilege over the 33 documents.  But Barnabas has not yet obtained leave from this Court to file a motion to deem privilege waived over these documents.

NORTON ROSE FULBRIGHT

Accordingly, and as reflected in Exhibit A and B, the Trust withdraws its request to seal those portions of the Joint Mandler Letter that quote, paraphrase, summarize, and/or describe the *Mandler* documents, but continues to request to seal portions of the Joint Mandler Letter that quote, paraphrase, summarize, and/or describe the 33 privileged documents inadvertently produced by *CarePoint* or *Mr. Modugno*. As to those documents, the motion to seal should be granted for the reasons stated in the Trust's prior briefing.

**6. The Privilege Order Has a Limited Impact on the Trust's Motion to Seal Barnabas's Opposition to the Trust's Prior Sealing Motion**

For the same reasons, the Privilege Order does have a limited impact on ECF 363, the Trust's Motion to Seal Exhibit 1 to Barnabas's Opposition to the Trust's Motion to Seal the Joint Mandler Letter. Specifically, ECF 363 is a motion to seal a copy of the Joint Mandler Letter that Barnabas filed as Exhibit 1 to its Opposition to the Trust's Motion to Seal the Joint Mandler Letter. In essence, the Trust and Barnabas each proposed redacted versions of the Joint Mandler Letter. Because Barnabas's proposed redactions were narrower than the redactions sought by the Trust, and Barnabas's proposed version would publicly file not just references to the Mandler Production, but also references to documents inadvertently produced and clawed back from CarePoint's production and documents from Mr. Modugno's production. Thus, this motion to seal likewise remains live as to the non-Mandler documents at issue.

Given that the Court has now affirmed Judge Waldor's order deeming privilege waived over the Mandler Production, the Trust no longer asserts that sealing is required as to the Mandler documents. But sealing is still necessary for the other privileged documents (produced by CarePoint and Mr. Modugno) Barnabas attached to that filing. So that the Court can identify the portions of the Joint Mandler Letter that remain live disputes for sealing, the Trust attaches hereto as Exhibit C a revised version of the index to the Trust's motion, filed at ECF 363–2, which is identical to ECF 363–2 except that it does not seek to seal portions of the Joint Mandler Letter that quote, paraphrase, summarize, and/or describe documents from the Mandler Production. Exhibit D is a revised version of the redacted Joint Mandler Letter, filed at ECF 363–3, which is identical to ECF 363–3 except that it does not redact the portions of the letter that quote, paraphrase, summarize, and/or describe documents from the Mandler Production.

For the avoidance of doubt, the Trust's requests to seal the portions of Exhibit 1 to Barnabas's Opposition to the Trust's Motion to Seal the Joint Mandler Letter that quote, paraphrase, summarize, and/or describe privileged documents inadvertently produced by CarePoint or Mr. Modugno are not impacted by the Privilege Order for the simple reason that the Privilege Order deemed privilege waived over the Mandler Production: no more, no less. *See infra*. Accordingly, the Trust's requests to seal portions of Exhibit 1 to Barnabas's Opposition to the Trust's Motion to Seal the Joint Mandler Letter that quote, paraphrase, summarize, and/or describe privileged documents inadvertently produced by CarePoint or Mr. Modugno should be granted for the reasons stated in its briefing.

NORTON ROSE FULBRIGHT

**7. The Privilege Order Does Not Impact the Trust's Motion to Seal the Joint Letter To Address a Discovery Dispute Regarding the Trust's December 10, 2025 Clawback Request**

The Privilege Order does not impact the Trust's motion to seal the joint letter to address a discovery dispute regarding the Trust's request on December 10, 2025 to claw back privileged documents inadvertently produced by CarePoint and Mr. Modugno. In the motion, the Trust seeks to redact portions of the joint letter that quote, paraphrase, summarize, and describe documents either produced by CarePoint or Mr. Modugno that were clawed back by the Trust under the DCO on December 10, 2025. This motion does not quote, paraphrase, summarize, and/or describe documents from the Mandler Production. None of the Mandler documents that were the subject of the Privilege Order are at issue in this motion to seal. Therefore, the motion is unaffected by the Privilege Order.

Respectfully submitted,

*/s/Robert M. Hirsh*

CC:    Michael A. Swartzendruber
       Darryl Anderson
       Kate Ergenbright
       Josh Bucheister
       Rachel Cardwell
       Dewey Gonsoulin

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on June 25, 2026, a true and correct copy of the foregoing Motion was served electronically via the Court's ECF system on all counsel of record.

/s/*Robert M. Hirsh*
Robert M. Hirsh