| | |
|---|---|
| THE CAREPOINT LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RWJ BARNABAS HEALTH, INC.,<br><br>Defendant. | Hon. Evelyn Padin, U.S.D.J<br><br>Hon. Cari Fais, U.S.M.J.<br><br>Civil Action No. 2:22-cv-05421-EP-CF<br><br>**Motion Date: November 2, 2026** |

**OPPOSED MOTION TO SEAL**

The CarePoint Litigation Trust files this Motion to Seal ECF 408, 408-17, 408-20, 408-21, which were filed by the Trust and Barnabas on September 14, 2026, and would respectfully show the Court as follows:

The background for this Motion arises out of an ongoing dispute concerning whether the Trust has committed a subject matter waiver of privilege based on inadvertently produced privileged documents. On March 27, 2026, the Trust and Barnabas filed a joint letter [ECF 408] to address this dispute.

In connection with submitting the joint letter filed at ECF 408, various types of information that are subject to claims of attorney-client and attorney work-product privilege by the Trust. Barnabas also quotes and references documents that have been clawed back by the Trust on January 20, 2026. Barnabas also attached various documents which are either subject to a claim of privilege by the Trust (ECF 408-

17 and 408-21) or have been sealed by the Court of Chancery of the State of Delaware (408-20).

Although there is a common law presumption of a public right of access to judicial proceedings and records, *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), "[t]he right of public access, however, is not absolute and the presumption of access may be rebutted." *Cuadra v. Univision Commc'ns, Inc.*, 2012 WL 1150833, at *11 (D.N.J. Apr. 4, 2012). As this Court has stated: "Protection of the attorney-client privilege, and by extension attorney work-product, is . . . a compelling reason to seal affected materials." *Argush v. LPL Financial, LLC*, Nos. 13-cv-7821, 14-cv-955, 14-cv-956, 2016 WL 11663241 (D.N.J. Dec. 7, 2016); *Krivulka v. Lerner*, 20-cv-9724, 2024 WL 4318735, at *3 (D.N.J. Sept. 27, 2024) ("[S]ealing is also warranted insofar as the documents or portions thereof concern attorney-client communications between Defendants and their now-deceased client Joseph Krivulka in connection with Defendants' joint estate planning representation and insofar as the documents contain attorney work product.")

Under the Local Rules, the sealing party must articulate "the clearly defined and serious injury that would result if the relief sought is not granted[.]" L. CIV. R. 5.3(c)(3)(c). Assertions of waiver are irrelevant whether a document subject to a claim or privilege should be sealed. As prior Magistrate Judge Waldor has noted: "[i]t is well-settled that disclosure of communications protected by the attorney-

client privilege constitutes a serious injury for which the sealing of Court records is an appropriate remedy" even when the opposing party claims the privilege at issue is waived. *United States ex rel. Salomon v. Wolff*, No. 2:17-cv-05456, 2022 WL 17327214, at *3 (D.N.J. Mar. 14, 2022)(Waldor, J.) (granting motion to seal and finding non-movant's waiver argument "inapposite to the present motion, which "ultimately requires satisfaction of the factors set forth in Local Civil Rule 5.3(c)(3), which are distinct from those underlying the question of waiver of the attorney-client privilege[.]").

Here, the Trust seeks to seal ECF 408 because it contains discussions of various types of information that are subject to claims of attorney-client and attorney work-product privilege by the Trust, as well as quotes and discussions of documents clawed back by the Trust on January 20, 2026. Moreover, the Trust seeks to seal ECF 408-17 and 408-21 because those documents reflect legal advice, are subject to a pending claim of privilege, and have been clawed back by the Trust on January 20, 2026. Lastly, the Trust seeks to seal ECF 408-20 because that document has been sealed (and remains sealed) by the Court of Chancery of the State of Delaware. *See* December 16, 2019 Order, *HUMC Holdco, LLC v. MPT of Hoboken TRS, LLC*, No. 2019-0972-KSJM (Del. Ch.); *Exxon Corp. v. U.S. Dep't of Energy*, 594 F. Supp. 84, 90 (D. Del. 1984) (noting that the "Court must, in the interest of comity, defer to the judgment of its sister court…."); *Smith & Wesson Brands, Inc. v. Grewal*, No.

20CV19047 (EP) (ESK), 2022 WL 17959579, at*4 (D.N.J. Dec. 27, 2022) (noting that "[f]ederal courts owe due respect to state courts." (citation omitted)). A redacted version of the Second Amended Verified Complaint, however, was publicly filed in the Court of Chancery of the state of Delaware, and the Trust seeks to seal the same portions of ECF 408-20 that have been redacted in *HUMC Holdco, LLC v. MPT of Hoboken TRS, LLC*, No. 2019-0972-KSJM (Del. Ch.).

## CONCLUSION

For these reasons, the Trust respectfully requests that the Court grant the Motion.

Dated: October 5, 2026

Respectfully submitted,

By: /s/*Robert M. Hirsh*
Robert M. Hirsh
New Jersey Bar No. 018901998
robert.hirsh@nortonrosefulbright.com
Dewey J. Gonsoulin III*
Texas Bar No. 24131337.
New York Bar No. 6168660
dewey.gonsoulin@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3060
Facsimile: (212) 318-3400

Michael A. Swartzendruber*
Texas Bar No. 19557702
michael.swartzendruber@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8067
Facsimile: (214) 855-8200

Darryl W. Anderson*
Texas Bar No. 24008694
darryl.anderson@nortonrosefulbright.com
Joshua H. Bucheister*
Texas Bar No. 24145029
joshua.bucheister@nortonrosefulbright.com
Kate Ergenbright*
Texas Bar No. 24097660
kate.ergenbright@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, Texas 77010-4106
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

*Attorneys for The CarePoint Litigation Trust*

*Admitted *pro hac vice*