# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE CAREPOINT LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>RWJ BARNABAS HEALTH, INC.,<br><br>Defendant. | Hon. Evelyn Padin, U.S.D.J<br><br>Hon. Cari Fais, U.S.M.J.<br><br>Civil Action No. 2:22-cv-05421-EP-CF |

## DECLARATION OF DARRYL W. ANDERSON

Darryl W. Anderson, hereby declares as follows:

1. I am an attorney at law in the State of Texas and a Partner with the law firm Norton Rose Fulbright US LLP. I represent The CarePoint Litigation Trust in this matter. I am familiar with the facts and circumstances set forth herein.

2. Pursuant to Local Civil Rule 5.3, I submit this Declaration in Support of The CarePoint Litigation Trust's Motion to Seal ECF 408, 408-17, 408-20, and 408-21.

3. Attached to my Declaration as **Exhibit 1** is a chart outlining the Trust's basis and private interest for sealing ECF 408, 408-17, 408-20, 408-21, the clearly defined and serious injury that would occur if ECF 408, 408-17, 408-20, 408-21 are not sealed, why a less restrictive alternative to sealing the identified documents and

statements are not available, whether there has been any prior sealing of the identified statements, and the identify of any party or nonparty known to be objecting to the sealing request.

4. ECF 408 contains quotes, summaries, and descriptions of documents produced in this litigation that are subject to a pending claim of privilege by the Trust. The documents quoted, summarized, and described within ECF 408 were clawed-back by the Trust on January 20, 2026 pursuant to the Discovery Confidentiality Order [ECF 73]. The Trust has a private interest in maintaining its claim of privilege over these documents.

5. ECF 408 also contains discussions of various types of information that are subject to claims of attorney-client and attorney work-product privilege by the Trust.

6. Absent sealing ECF 408, the injuries that would occur if the motion is not granted would be the risk of waiving the Trust's claim of privilege over the documents clawed back pursuant to the Discovery Confidentiality Order [ECF 73].

7. A less restrictive alternative to sealing the identified statements within ECF 408 is not available because those statements contain discussions of, quotes, summaries, and descriptions of documents and information that are subject to a pending claim of privilege by the Trust, namely its January 20, 2026 clawback of privileged documents produced by third-party Lou Modugno.

8. The Trust is filing a redacted version of ECF 408 so that all information not subject to a claim of privilege is publicly available. A redacted version of ECF 408 is attached to this Declaration as **Exhibit 2**.

9. ECF 408-17 and 408-21 reflect legal advice regarding corporate transactions and are subject to a pending claim of privilege. ECF 408-17 and 408-21 were clawed back by the Trust on January 20, 2026 pursuant to the Discovery Confidentiality Order [ECF 73] because they reflect legal advice regarding corporate transactions. The Trust has a private interest in maintaining its claim of privilege over these documents.

10. Absent sealing ECF 408-17 and 408-21, the injuries that would occur if the motion is not granted would be the risk of waiving the Trust's claim of privilege over the documents clawed back pursuant to the Discovery Confidentiality Order [ECF 73]

11. A lesser restrictive alternative to sealing ECF 408-17 and 408-21 is not available because the privileged legal advice is interwoven throughout the documents. Redactions are impractical to protect the Trust's claim of privilege.

12. ECF 408-20 is the Second Amended Verified Complaint filed under seal on October 20, 2020 in *HUMC Holdco, LLC et al. v. MPT of Hoboken TRS, LLC* in No. 2019-0972-KSJM in the Court of Chancery of the State of Delaware.

13. Absent sealing ECF 408-20, the Second Amended Verified Complaint, which has been sealed by a court in another jurisdiction would be made public.

14. A lesser restrictive alternative to sealing the entirety of ECF 408-20 is available. A redacted version of the Second Amended Verified Complaint was publicly filed in the Court of Chancery of the State of Delaware, and is attached hereto as **Exhibit 3.** However, no less restrictive alternative is available with respect to the portions of ECF 408-20 that were redacted, and which remain under seal in the Court of Chancery of the State of Delaware.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 5, 2026

/s/ *Darryl W. Anderson*
Darryl W. Anderson