# EXHIBIT 1

*The CarePoint Litigation Trust v. RWJ Barnabas Health, Inc.*, No. 2:22-cv-5421-EP-CF

**Ex. 1, Index to Motion to Seal**

| **Documents Requested to be Sealed** | | | | | |
|---|---|---|---|---|---|
| **Material** | **Basis for Sealing: The Legitimate Private or Public Interest Which Warrants the Relief Sought** | **Clearly Defined and Serious Injury that Would Result if the Relief is Not Granted** | **Why a Less Restrictive Alternative is Not Available** | **Prior Sealing** | **Party in Opposition to Sealing, if any, and Basis** |
| *See* Appendix A (ECF 408) | The statements identified in Appendix A quote, paraphrase, summarize, and describe documents and information that are subject to a pending claim of privilege by the Trust. Moreover, some of the redacted statements in | Maintaining the statements identified in Appendix A under seal is necessary to preserve the Trust's pending claim of privilege over those documents and information, and the issues that those documents bear on. Unsealing of | The Trust has proposed a lesser restrictive alternative by redacting only the statements within ECF 408 (*see* Appendix A) that quote, paraphrase, summarize, and/or describe documents and information that are subject to a pending claim of | None | Barnabas contends that sealing ECFs 408, 408-17, 408-20 and 408-21 is unwarranted.<br><br>Sealing ECFs 408, 408-17, 408-20, and 408-21 under L. Civ. R. 5.3 is unnecessary for the same reasons it contends the |

| | | | | | |
|---|---|---|---|---|---|
| | ECF 408 are quoting, paraphrasing, summarizing, and describing documents produced by third-party Lou Modugno that were clawed-back by the Trust under the Discovery Confidentiality Order [ECF 73] on January 20, 2026. | this information would risk waiving the Trust's claim of privilege over those documents and any related issues those documents bear on. Additionally, unsealing the statements identified in Appendix A would risk mooting the Trust's January 20,2026 claw-back of documents produced by third-party Lou Modugno. | privilege by way of the Trust's January 20, 2026 clawback. The remainder of the document contains non-confidential information that can be publicly disclosed. | | Joint Mandler Letter should remain unsealed. See Barnabas' Opposition to CarePoint's Motion to Seal, ECF 358.<br><br>Because the statements in ECFs 408, 408-17, and 408-21 either reference documents that were already produced in discovery, certain of which have long appeared on the public docket, or are attempts to seal topics rather than actual privileged legal advice, they should not be |
| Exhibit 17 (ECF 408-17) | Exhibit 17 is an email chain between in-house counsel for Bayonne | Unsealing Exhibit 17 would risk waiving the Trust's claim of | No lesser restrictive alternative is available. The privileged advice | None | |

| | | | | | |
|---|---|---|---|---|---|
| | Medical Center and outside counsel reflecting legal advice regarding corporate transactions. Exhibit 17 was clawed back by the Trust under the Discovery Confidentiality Order [ECF 73] on January 20, 2026. | privilege over the document and would moot its January 20, 2026 clawback of the document. | is interwoven throughout the email chain, and redaction is impractical to protect privilege. | | sealed. Barnabas further asserts that CarePoint has not identified any clearly defined and serious injury that would result from public disclosure independent of its pending privilege and waiver arguments, which Barnabas maintains are legal issues that can be resolved regardless of whether the filing is sealed.<br><br>Further, for the avoidance of doubt, Barnabas notes that the proposed |
| Exhibit 20 (ECF 408-20) | Exhibit 20 is a Second Amended Verified Complaint filed under seal (and subject to an order granting sealing) in *HUMC Holdco, LLC et al. v. MPT of Hoboken TRS, LLC et al*, | Unsealing this document would risk publicizing a filing that a court in another jurisdiction has sealed. | The Trust has proposed a less restrictive alternative by attaching the redacted Second Amended Verified Complaint that was publicly filed in *HUMC Holdco, LLC et al. v. MPT of* | None in this litigation. The document is currently under seal in *HUMC Holdco, LLC et al. v. MPT of Hoboken TRS, LLC et al*, No. 2019-0972-KSJM (Del. Ch.). | |

| | | | | | |
|---|---|---|---|---|---|
| | in the Court of Chancery of Delaware (No. 2019-0972-KSJM) on October 20, 2020. | | *Hoboken TRS, LLC et al*, No. 2019-0972-KSJM (Del. Ch.). However, no less restrictive alternative is available as to the redacted portions of the document, which have not been publicly filed and remain under seal in the Court of Chancery of Delaware. | | Findings of Fact and Conclusions of Law as drafted in CarePoint's proposed order are conclusory and overbroad and should not be deemed binding or persuasive authority for any future sealing motion. |
| Exhibit 21 (ECF 408-21) | Exhibit 21 is an email chain with outside counsel reflecting legal advice regarding a proposed transaction. Exhibit 21 was clawed back by | Unsealing Exhibit 21 would risk waiving the Trust's claim of privilege over the document and would moot its January 20, | No lesser restrictive alternative is available. The privileged advice is interwoven throughout the email chain, and redaction is | None | |

| | | | | | |
|---|---|---|---|---|---|
| | the Trust under the Discovery Confidentiality Order [ECF 73] on January 20, 2026. | 2026 clawback of the document. | impractical to protect privilege | | |

## Appendix A to Exhibit 1

The below list contains the quotes, summaries, and descriptions within ECF 408 that the Trust seeks to seal.

**Page 9:**

- In the paragraph beginning with "CarePoint disclosed," from the second full sentence through the end of the paragraph.

**Page 10:**

- In the last full paragraph, from after the phrase "but not its spirit" in the third sentence, through the end of the sentence containing footnote 17.

**Page 11**

- In the second full paragraph, from after the phrase "indeed, the Counterclaim even has a snapshot of the document proving that" in the fourth sentence, through the end of the next sentence containing footnote 20.